LUCAS *against* the JEFFERSON INSURANCE COMPANY IN THE CITY OF NEW YORK.

ALBANY,
Feb. 1827.

Lucas
v.
Jeff. Ins. Co.

ASSUMPSIT on a policy of insurance; tried at the New York circuit, *July*, 13*th*, 1826, before EDWARDS, C. Judge; when the following facts appeared:

The defendants, by a policy dated *August*, 23*d*, 1824, insured the plaintiff against loss by fire to the amount of $4000, on certain cotton and woollen machinery, at *Mechanic Ville*, Saratoga county. The *Chatham* and *Ætna Fire Insurance Companies*, also insured the plaintiff on the same property; the former to $5,500, the latter $6000. A loss had been sustained by fire. The evidence on the part of the plaintiff, made the amount about $20,000; and that on the part of the defendants, between nine and ten thousand dollars. The policy under-written by the defendants, contained the following clause: " In case of any other insurance upon the property hereby insured, whether prior or subseqnent to the date of this policy, the insured shall not, in case of loss or damage, be entitled to demand or recover on this policy, any greater portion of the loss or damage sustained, than the amount insured shall bear to the whole amount insured on the said property." The *Chatham* and *Ætna* companies had each paid the amount of their insurance, deducting one sixth, making together, $9583,34. These were voluntary payments without suit, by arrangement between the parties.

The judge charged the jury, that in ascertaining the amount to be recovered, they were not to take into con-

*Construction of the clause in a policy of insurance against loss by fire, providing for only a rateable payment, in case of other policies on the same subject.*

*Where there are several policies containing this clause, they are all, and each, liable to pay the rateable portion mentioned in the clause, tho' it happen that some have paid more than their share; and even enough to cover the whole loss, and this, whether they had knowledge of all the policies at the time, or not.*

*There is no contribution between policies containing this clause.*

*Where, however, there are several policies, and one only contains this clause, and the others pay to the extent of their subscriptions, which is more than their rateable share, this will be a defence pro tanto, in an action against the under-writers on the policy containing that clause; and if the policies without the clause, have paid enough to cover the loss, it is a complete defence for the others: for they are liable to contribute to the under-writers who have paid.*

*And so where all the policies are without this clause.*

*If under-writers, sued on a policy containing this clause, seek to defend themselves on the ground that other policies, without it, have paid the whole loss, or more than their rateable share; it lies with them to show affirmatively, the other policies without the clause. This is matter of defence; and the absence of the clause in the other policies will not be intended.*

*Where there are several policies on the same subject, without this clause, it is double insurance; they are all deemed but one policy, the insured can recover but one indemnity; and contribution prevails between the insurers.*

sideration the payments made to the plaintiffs by other in-surance companies, provided those companies were aware of the existence of all the policies on the property at the time they paid the plaintiff for his loss; and made the set-tlement solely with the view of discharging the claim of the plaintiff against themselves. And that if the value of the property insured, and the amount of the loss by fire, were equal to all the sums insured by the different under-writers, the verdict, if the jury should think the plaintiff entitled to recover, ought to be for the face of the policy, with interest. But if the value of the property insured, and the loss by fire, were less than the aggregate amount of the sums insured by the different under-writers, the ver-dict ought to be only for such a proportion of the loss or damage sustained by the plaintiff, as the amount insured by the defendants, bore to the whole amount insured.

To this charge, the defendants excepted; the judge sealed a bill of exceptions; on which the defendants now moved for a new trial.

*J. Platt*, for the defendants. The clause as to other in-surances, differs from the clause relating to those in marine policies. By this, the loss must be distributed among all, in proportion to the sum insured by each. If, therefore, the whole loss was paid by the other offices, the judge should have charged for the defendants, leaving the other companies to seek contribution. No act done by the oth-er companies, could deprive the defendants of a right to have the loss apportioned among all. It does not appear that their policies contain any clause providing for the case of double insurance. The object of insurance is indem-nity; and if the plaintiff was fully paid, this purpose was answered. The plaintiff can claim nothing farther against any under-writer. He cited 1 *Marsh. on Ins.* 1; *id. ch.* 15, *p.* 529; 1 *Am. ed.; id.* 115, 119, 598, 602; 2 *Burr.* 1198; 1 *Bl. Rep.* 276; *id.* 416; *Beawes*, 242.

*G. Griffin*, contra. Contribution generally exists on-ly where there is a joint liability, as in case of several sureties or partners. It is the same in the law of insur-

ance. (*Marsh. on In.* 148.) But if an individual pays my debt, without request, he cannot call on me to refund. The error of the other side, lies in considering this as a case of double insurance. It is not so. The language of the policy, precludes the idea of joint liability. The authorities relied on by the other side, relate to marine policies, which are signed by different under-writers, till they are filled up, the names often being all on the same instrument. This, unexplained, creates a joint obligation; and several suits upon a single policy will be consolidated. The payment by the other companies, must be considered, in reference to this suit, as merely gratuitous; and cannot make the defendants liable to contribute. (2 *Com. on Cont.* 151.) If we have received too much of them, their remedy is against us; if they paid by mistake. If wittingly, they must abide the loss. (4 *John.* 240.) We ask no more than indemnity. The contract is to pay a rateable indemnity. If the other policies did not contain the clause as to double insurance, it lay with the defendants to show this. The presumption is, that they were all alike. All containing the same provision; how can either of these underwriters avoid their express agreement to pay, by setting up a pretence that they are liable to contribution. This is superseded by the clause in question.

*Curia, per* WOODWORTH, J. No objection was raised on the argument, as to the finding of the jury; nor can this be questioned on a bill of exceptions. It was contended that the charge of the judge was erroneous, on the ground that the defendants were entitled to the benefit of the payments made by the other companies; and that, inasmuch as the whole of the loss sustained, had been already paid, the defendants were entitled to a verdict. It is well settled, that upon a double insurance, though the insured is not entitled to two satisfactions, yet in the first action, he may recover the whole sum insured, leaving the defendant to recover a rateable satisfaction from the other insurers. (1 *Bl. Rep.* 416.) In such cases, the two policies are considered as making but one insurance. They

are good to the extent of the value of the effects put in risk. The insured may sue the under-writers on both policies; but he can only recover the real amount of his loss, to which all the under-writers shall contribute in proportion to their several subscriptions. (*Marsh. on In. B.* 1. *ch.* 4. *s.* 4. *p.* 116. or *Condy's Ed. p.* 146.)

In the case before us, it is said, that the clause in the policy, as to prior and subsequent insurances, differs essentially from the like clause in marine policies. I have looked at some of the printed forms of policies against fire, in the books; but have not discovered any such clause. There is no direct evidence, to show that the policies made by the *Chatham* and *Ætna* offices were similar to this. Whether they are or not, the parties in this action, must be governed by the contract they have made. That is express. Suppose the plaintiff had not received any thing from the other offices; could he recover the whole amount of the defendants' subscription, provided his loss was equal to that amount? In a policy not containing the clause referred to, the plaintiff would be entitled to recover the sum insured, leaving the defendants to seek contribution from other insurers. Here there is a stipulation against that course, in very explicit language: "The insured shall not, in case of loss or damage, be entitled to demand or recover on this policy, any greater portion of the loss or damage sustained, than the amount insured bears to the whole amount insured on the property." The defendants did not intend to be liable for the whole of their subscription in the first instance, and then seek indemnity by way of contribution. If, notwithstanding this clause, the defendants should voluntarily pay the whole amount of their subscription, towards the plaintiff's loss, I do not perceive on what ground they could claim contribution. The answer to such a claim, would be, that they paid in their own wrong; and *volenti non fit injuria.* If there is redress, it must be against the party who received more than he was entitled to demand. The principle of contribution, can only be enforced where the party paying, was under a legal obligation to pay. If the policies of the *Chatham* and *Ætna* companies, are similar to

ALBANY,
Feb. 1827

Lucas
v.
Jeff. Ins. Co.

this, the defendants have no concern with the amount paid by them. In that case, they acted for themselves; and if they have paid more than the plaintiff could by law recover, it was done voluntarily. In the present case, the amount of the plaintiff's loss is controverted. He claims much more than the defendants are willing to admit. The weight of evidence on this point, may be as contended for by the defendants; but still, it is a disputable fact. The *Chatham* and *Ætna* offices may have chosen to pay on the exhibition of the plaintiff's proof, in preference to a protracted litigation. They may have erroneously considered the damages much greater than they really were. They acted voluntarily, and for themselves. This was submitted to the jury, and they have passed upon it. The act of settling for themselves, raises a presumption that the different policies were alike; and that no claim for contribution was contemplated as against each other.

On the supposition that the policies of the *Chatham* and *Ætna* companies, did not contain the clause in question, the plaintiff might recover the amount of their subscriptions, if necessary to satisfy his loss; and in such case, I apprehend, it would be competent for the defendants, to show the plaintiff had received satisfaction. As indemnity can only be claimed, there is no right of action after it is obtained. If the policies of the *Chatham* and *Ætna* offices, were such as to entitle the plaintiff to recover of them all their subscription, if requisite to pay his loss, then their right to contribution against the defendants would be undoubted. The clause in the defendants' policy would not affect that question; but would apply, when they should be prosecuted by the plaintiff, so as to protect them against his claim beyond a rateable proportion of the loss. If the loss has been already recovered, and paid, the claim for a rateable proportion is necessarily extinguished. The *Chatham* and *Ætna* offices, incurred no risk in making payment, provided the clause is not in their policies; because it is conceded by the defendants, that the loss was at least equal to those payments. On this principle, the defendants are liable to contribute a portion

to those companies. If the amount received, was to be taken into consideration on the trial, the duty of the jury would have been, to ascertain the whole amount of loss; and if it exceeded the sums paid, then, after deducting the payment, to find a verdict against the defendants for the balance, provided it did not exceed the proportion of the whole loss, which, according to the contract, the defendants ought to bear; and if the amount of the loss remaining unsatisfied, was less than such rateable share of the whole loss, then the verdict should have been for such balance. In the action for contribution, an adjustment would be made between the parties on these principles. In the view thus taken, I think that part of the judge's charge incorrect, which directed the jury not to take into consideration the payments made to the plaintiff, by the other insurance companies, provided those companies were aware of the existence of all the policies on the property at the time; and made the settlement solely with a view of discharging the plaintiff's claim against themselves. If the *Chatham* and *Ætna* companies, were liable to the amount of their subscriptions, which I apprehend they were, unless protected by a clause, like that in the defendant's policy, their knowledge of other policies was immaterial. Whether they had knowledge or not, the plaintiff was entitled to recover against them; and if so, they had a remedy over against the other insurers. Neither can the fact that they settled to discharge the claim solely against themselves, defeat such remedy over, if it appears they have not paid more than the loss sustained. Suppose those companies had settled under a belief that their proportion of the loss would be equal to the amount paid; and therefore, did not, at the time, contemplate a recovery against others for a portion of it. This would not invalidate their right to claim contribution, when it is shown that they had paid more than their relative proportion. In this point of view, the charge was calculated to produce a result unfavorable to the defendants. The verdict was for the plaintiff; for how much does not appear; probably for the whole sum insured. A new trial should be granted, if the

*Chatham* and *Ætna* companies, were legally bound to pay what the plaintiff received. But if those policies, were like the one in question, the defendants can derive no benefit from the payments made. They should be put out of view on this trial; and if so, that part of the charge on which I have commented, was incorrect as respects the plaintiff. The defendants have no cause to complain. It was allowing them the benefit of the payments, if the jury were satisfied of certain facts submitted to them; whereas; they should have been instructed not to regard the payments, if the policies subscribed by those companies, bound them only to pay, in the first instance, a rateable proportion of the loss.

The question then is, what was the form of the *Chatham* and *Ætna* policies? Neither party has adduced any express testimony to this fact. On whom devolved the necessity of showing what those policies contained? Certainly not the plaintiff. His case was made out without this. He claims of the defendants, the proportion they are bound to pay under their policy for the whole loss. They contend it has been paid by other companies. But to make that defence available, it must be shown, either that the companies paid in fact a sum of money which was received in full satisfaction of all the insurances; or that the amount paid by them, was in pursuance of a policy which authorized such payment. The first is not pretended. As to the second, the court is left to conjecture. It is a fact, on which the defence rests. There is no sufficient ground for presumption, that those policies did not contain the clause in question. The defendants' policy contains it. Some of the forms in the books, do not. We cannot assume the fact, that the policy differed from the one in this case. I think it may rather be presumed they are alike. The settlement made between the plaintiff and the companies, strengthens the presumption. They each deducted one sixth. They certainly had no right to make that deduction, if the loss exceeded the sums insured by them. The plaintiff claimed considerably more. It is not probable the plaintiff would have consented to a deduction

ALBANY,
Feb. 1827.

The People
v.
Garey.

of one sixth, if the policies were so drawn as to to allow him to recover the whole sum insured. Be this, however, as it may, I think the defendants ought to have shown the other policies were different, in order to avail themselves of the payments. The remainder of the charge is correct. If the loss was equal to all the sums insured, the plaintiff was entitled to the face of the policy. If less, to a proportion only. Whether the jury have found too much, or too little, is not before us. The motion for a new trial must be denied.

                                        New trial denied.