## FITZSIMMONS VS. THE CITY FIRE INSURANCE COMPANY OF NEW HAVEN.

Where property is insured against fire in several companies, and each policy contains a proviso that in case of a loss the assured shall not be entitled to receive of the company issuing such policy any greater proportion of the loss than the amount insured by such policy bears to the whole amount insured upon the property, the liability of any one of the companies to pay the assured its rateable share of the loss is not affected by the fact that some of the other companies have paid more than their share, so that the amount already received by the assured is equal to his whole loss.

On of the companies, which has paid more than its rateable share of the loss, cannot, in such a case, claim contribution from others which have not paid their share, but must seek its remedy against the assured.

An answer which sets up certain facts as a defense to the *whole* of the plaintiff's claim, is bad on demurrer, though the facts alleged would constitute a *partial* defense.

In a complaint on a fire policy issued by a foreign insurance company, it is not necessary to allege that the defendant had complied with the statute (chap. 190,

Laws of 1859) requiring such companies to file certain statements under oath with the secretary of state, and obtain his certificate of authority to transact business in this state.

APPEAL from the Circuit Court for *Winnebago* County.

Action upon an insurance policy. The insurance was to the amount of $2000, on a stock of hardware &c. The complaint alleges, in substance, that the loss to the plaintiff from the destruction by fire of the property insured was $9127.84; that he had fulfilled all the conditions of the policy, and had duly demanded payment of the amount insured by the defendant, but the same had not been paid. The compaint therefore demands judgment for said sum of $2000. The policy of insurance is annexed to the complaint, and contains the following clause: "In case of any other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy, the assured shall not, in case of loss or damage, be entitled to demand or receive of this company any greater portion of the loss or damage sustained than the amount hereby insured shall bear to the whole amount insured on said property."

The answer, after denying most of the material allegations of the complaint, and averring that the defendant, at the time of the loss, had other insurances on the property covered by the policy here sued on, to wit, $2000 in the New England Fire and Marine Insurance Company, $2000 in the Phœnix Insurance Company, and $2000 in the City Fire Insurance Company of Hartford, proceeds as follows: "And for a further answer the defendant shows that the actual loss and damage which the plaintiff sustained did not exceed the sum of $2700, the whole of which sum has been paid to him by the said other insurance companies before the commencement of this suit, * * to apply upon his said loss and damage." The amount paid by each company is also specified. After stating the several defenses relied on, the answer demands judgment that the policy sued on be delivered up to be cancelled, and for costs. The

plaintiff demurred to that portion of the answer above quoted, as not stating a defense to the action; the demurrer was sustained, and the defendant appealed.

*M. A. Edmonds*, for appellant:

1. The payments are alleged to have been made to apply on the loss, and not simply in discharge of the *pro rata* share of the party paying, and these allegations are all admitted by the demurrer in manner and form as they are alleged. If there is no peculiarity in the contract of insurance which makes it an exception to the general rule relative to payments by strangers, then each payment made to apply on the loss satisfied the loss to that extent, and the aggregate of the payments so made, being equal to the whole amount of the loss, operated as a satisfaction of the whole loss. We recognize the distinction between this case and that of double insurance, where each insurer is liable for the whole loss, and may, on payment thereof, claim and recover contribution from other insurers. Yet we believe it has always been conceded that if A owes B, and C pays the debt out of his own funds without the knowledge or request of A, the debt is thereby satisfied. Even payment of *part* by a stranger, if made and accepted in full satisfaction of the debt, is a good bar to a recovery of the balance, although if made by the debtor or out of his funds, it would not bar a recovery of the unpaid residue. Chitty on Con., 646. But C cannot recover of A the amount so paid for his benefit; not however because the debt is not paid, nor for want of a *consideration*, but for want of a *promise*, or a request from which the law will imply a promise. But if A afterwards promise to repay him, C can recover, because the previous payment for A's benefit is a sufficient consideration for the subsequent promise. Of course, if the debt was not satisfied by the payment, there would be no consideration. 1 Parsons on Con., 394, 395. So also the receipt from one of several co-trespassers of the full amount of the damage, is a complete bar to a recovery against the others. And there are forms of pleadings adapted to such

cases in the books. 3 Chitty's Plead., 1062; 1 id. (13 Am. Ed.), 89; *Dufresne v. Hutchinson*, 3 Taunt., 117; *Warden v. Bailey*, 4 id., 87, 88; *Campbell v. Phelps*, 1 Pick., 62; *Livingston v. Bishop*, 1 Johns., 290; *Thomas v. Rumsey*, 6 id., 26. But there is no contribution between *tortfeasors*. All this shows that neither the liability of the party paying, nor his claim for contribution or re-imbursement from him for whose benefit the payment was made, has any effect; but that it is the payment, and that alone, which operates as a satisfaction of the debt or damage. 2. There is nothing in the contract of insurance which makes it an exception to the rule above stated. For insurance is a contract of *indemnity* as contradistinguished from a *wagering* contract, and is in effect an agreement to indemnify against loss. Angell on Ins., secs. 1, 2, 3. Accordingly, where a mortgagee insures his mortgage interest, and a loss occurs, the payment of the debt, as well after as before the loss, will bar a recovery upon the policy. The same result follows in case of an insurance effected by a creditor for his own benefit upon the life of his debtor. Ang. on Ins., secs. 305 and 59 et seq.; 2 Smith's L. C. 296 et seq., 309; *Brinley v. The Nat. Ins. Co.*, 11 Met., 195. And it is immaterial in such cases who makes the payment, whether the debtor or some third person for him. *Godsall v. Boldero*, 2 Smith's L. C., *supra*. In *Lucas v. Jeff. Ins. Co.*, 6 Cow., 637, the question was as to the correctness of the charge to the jury, "that in ascertaining the amount to be recovered, they were not to take into consideration the payments made to the plaintiff by other insurance companies, provided those companies were aware of the existence of all the policies on the property at the time they paid the plaintiff for his loss, and made the settlement solely with the view of discharging the claim of the plaintiff against themselves." This instruction left it to the jury to determine whether the payments were made to apply on the loss (in which case they were to allow the defendant the benefit of such payment,); or whether they were made only by way of compromise and set-

tlement of the respective shares of such loss for which the companies so paying were liable. It was only in this last view that the extent of their liability, and the right to enforce con-tribution from the defendant, were considered material by the court. In the present case the answer alleges, and the demur-rer admits, that the payments made by the other companies were each made to apply on the whole loss; that such loss did not exceed $2700, and that the aggregate of such payments amounted to that sum. Had the jury in the case cited found the payments made by the other companies to have been made in this manner, instead of "solely with a view of discharging the plaintiff's claim against themselves," they must have allow-ed the defendant the benefit of them under the instruction giv-en. 3. The demurrer cannot be sustained if that portion of the answer demurred to constitutes a defense in part; for the defendant may, under the code, plead a partial as well as a to-tal defense. Van Santv. Pl. (2d ed.), 455, 459; *Bush v. Prosser*, 1 Kern., 347; *McKyring v. Bull*, 16 N. Y., 297. 4. Upon de-murrer to an answer, the whole record is to be considered, and if the complaint is bad in substance, judgment must be ren-dered for the defendant. *Lawton v. Howe*, 14 Wis., 241, 252. 4. Foreign insurance companies are prohibited by statute from transacting any business of insurance in this state without first complying with the provisions of the license act, and obtaining a license from the secretary of state. Laws of 1859, ch. 190; Laws of 1862, ch. 66. Any policy issued by such a company without such license would be void. 2 Pars. on Contracts, 253 et seq. The complaint shows the defendant to be within the prohibition of the statute. Should it not also show that it had authority to issue the policy?

*Whittemore & Weisbrod*, for respondent.

*By the Court*, COLE, J. We consider the portion of the an-swer demurred to as clearly insufficient in setting forth a com-plete defense to the action, for reasons which were anticipated

by the counsel for the appellant. The policy declared on contains the clause, that "in case of any other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy, the assured shall not, in any case of loss or damage, be entitled to demand or receive of this company any greater portion of the loss or damage sustained than the amount hereby insured shall bear to the whole amount insured on said property." Now if all the policies contained a similar clause, then it is very clear that the principle of contribution would not apply to the companies, if either should pay more than its proper proportion of the loss. Nor could one company, under such circumstances, derive any benefit from an excess of payment made by another company. For it is very evident that if one company should pay more than its rateable portion of the loss, it would be a matter solely between itself and the assured, and it could not call upon the other companies to contribute. This would seem to be the irresistible inference in construing such stipulations. But we are not without authority upon the point. In *Lucas v. Jefferson Ins. Co.*, 6 Cow., 635, this direct question was presented, and the court held that where several policies contained such a clause, the companies were all and each liable to pay the rateable portion mentioned in the clause, though it might happen that some had paid more than their share, and even enough to cover the whole loss or damage sustained by the assured. For the court say that if, notwithstanding such a clause, one company voluntarily pays the whole amount of its subscription toward the plaintiff's loss, and in excess of its rateable share, yet it could not for that reason claim contribution of the other companies upon any ground; that the answer to such a claim would be, that it had paid in its own wrong, and its redress must be against the assured, who had received more than he was entitled to demand. A company might naturally pay more than a party could recover, rather than incur the expense and trouble of litigation. And if it should, there would be no justice

or equity in holding that some other company might take advantage of such payment and apply it in discharge of its just share of the loss.  For these obvious reasons, the appellant cannot derive any benefit from the payments made by the other companies.  If, on the contrary, there was a double insurance, so that the principle of contribution would apply, it was the duty of the appellant to so allege in the answer, in order to make the defense available.

Again, the appellant contends that if the answer is not sufficient as a total defense, it is good as a partial defense to the action.  But the difficulty with this position is, that this portion of the answer professes and assumes to answer the entire cause of action.  It is not relied on as a partial but as a complete defense, and we have seen that for this purpose it is insufficient. Now under the old system, where a plea professed in its commencement to answer the whole cause of action, and afterwards answered only a part, the whole plea was bad.  This rule was elementary ; and, upon general principles, we do not see why it is not applicable to pleadings under the code.  If a party has a partial defense to an action, he should set it up and rely on it as such, and not as a complete and entire defense.

It is further claimed that it was incumbent on the plaintiff to state in the complaint that, before issuing the policy sued on, the defendant had complied with the laws of this state requiring foreign insurance companies to make and file certain statements with the secretary of state and obtain his certificate of authority, &c.  See Laws of 1859, chap. 190.  We do not think such an averment necessary.  If the policy is void because issued contrary to law, it is a proper matter of defense. It is not fair to assume that the company, in the transaction of of its business, has been violating the laws of this state, but the contrary presumption arises.

We think the demurrer was properly sustained, and the order of the circuit court is therefore affirmed.