(34 Misc. Rep. 276.)

### COOK et al. v. LOEW et al.

(Supreme Court, Trial Term, New York County. March, 1901.)

1. INSURANCE POLICY—CONSTRUCTION.
    An insurance policy covering lumber in a "yard" does not cover lumber in a clearing in a forest.

2. SAME—LOCAL USAGE.
    A local usage that the word "yard" means a clearing in a forest will not affect the use of that word in a fire insurance policy, unless both parties to the policy knew of the meaning, and contracted with reference to it.

3. SAME—OTHER INSURANCE.
    A Lloyd's policy provided that the underwriters should not be liable for a greater proportion of any loss than the amount insured by their policy bore to the whole insurance. *Held* that, where other insurance existed, they were not liable for the whole amount of their subscriptions, as they could not have a ratable satisfaction from other insurers.

Action by Wallace P. Cook and others against Edward V. Loew and others. Verdict for plaintiffs in the sum of $1,500 against defendants, as underwriters of the People's Lloyd's. Motion to set aside verdict and to grant a new trial. Granted.

Carter, Hughes & Dwight, for plaintiffs.
Lexow, Mackellar & Wells, for defendants.

MacLEAN, J. Insurance, pursuant to the contract or policy herein, was placed upon lumber, etc., "in yard," which, by common and current acceptation, is "an inclosure within which any work or

business is carried on." The agreement was entered into in this city, with the meaning ordinarily attaching to such expression; for the fair import of the words and the intention of the parties, as expressed in the terms of their agreement, must guide our construction. To hold that "yard" is a clearing in a forest, and was so used and understood by the parties to this contract, is apparently not discoverable from the agreement itself. It would seem that this brief expression, to the common understanding, and when used in connection with an insurance against fire, conveys quite unmistakably the meaning expressed, within the intention of the contracting parties. But the plaintiffs contend that the expression has other and more comprehensive meaning in the locality where the property destroyed was situated, and, with the introduction of extrinsic evidence, urge that there it may and does mean a clearing in a forest. "It would seem however, that, upon principle, for a party to be bound by a local usage, * * * he must be shown to have knowledge or notice of its existence. * * * Usage is ingrafted upon a contract, or invoked to give it a meaning, on the assumption that the parties contracted in reference to it; that is to say, that it was their intention that it should be a part of their contract wherever their contract in that regard was silent or obscure. But could intention run in that way unless there was knowledge of the way to guide it? No usage is admissible to influence the construction of a contract unless it appears that it be so well settled, so uniformly acted upon, and so long continued as to raise a fair presumption that it was known to both contracting parties, and that they contracted in reference thereto. There must be some proof that the contract had reference to it, or proof arising out of the position of the parties, their knowledge of the course of business, or other circumstance from which it may be inferred or presumed that they had reference to it." Walls v. Bailey, 49 N. Y. 464, 473.

The defendants, moreover, insist that the damages are excessive. The policy in suit was written for $1,500. The verdict awards $177.50 against each of the 10 defendants, with interest from January 15, 1895, to the date of the trial. But the plaintiffs contend that:

"The only provision in the policy with reference to contribution or co-insurance is the rider attached, as follows: 'Percentage Co-Insurance Clause. If at the time of fire the whole amount of insurance on the property covered by this policy shall be less than 80 per cent. of the actual cash value thereof, this company shall, in case of loss or damage, be liable for only such portion of such loss or damage as the amount insured by this policy shall bear to the said 80 per cent. of the actual cash value of such property.' The condition was not pleaded, but upon the defendants' own proof, made by offering the proofs of loss in evidence, it appears that the property was insured for $27,500,—an amount in excess of the 80 per cent. of the cash value. The plaintiffs have therefore complied with the requirements of the clause."

In Lucas v. Insurance Co., 6 Cow. 635, 637, it is said "that upon a double insurance, though the insured is not entitled to two satisfactions, yet in the first action he may recover the whole sum insured, leaving the defendant to recover a ratable satisfaction from the other insurers." According to a copy of the policy attached to the pleadings, "the underwriters shall not be liable under this policy for a

greater proportion of any loss on the described property   *   *   *
than the amount hereby insured shall bear to the whole insurance."
Here seems to be an express stipulation running contrary to the
contention of the plaintiffs, and, if the defendants now pay the full
amount of their subscription, they will not be able to recover "a
ratable satisfaction from the other insurers"; for "the principle of
contribution can only be enforced where the party paying was under
a legal obligation to pay." Lucas v. Insurance Co., 6 Cow. 638.
Wherefore the verdict will be set aside, and a new trial ordered.

Verdict set aside, and new trial ordered.