WILLIAM FAUBION V. J. C. ROGERS.

(Case No. 5574.)

1. VENDOR'S LIEN—FORECLOSURE—ADVERSE TITLE—PARTIES—WARRANTOR—In 1857 a tract of land containing one thousand and sixty three acres was sold and a vendor's lien retained. In 1859 the vendees executed to plaintiff their bond for title to two hundred and sixty-three acres of the tract, conditioned to make him title on the payment by him of certain notes. In 1873 defendant, claiming to be the owner, sold to plaintiff two hundred and forty-five acres out of the two

hundred and sixty-three acre tract and gave him a warranty deed to the same. In 1878 plaintiff, being in possession, was made a party to a suit brought by the original vendor to foreclose his lien, and in 1882 the lien was foreclosed and the entire tract sold. Plaintiff then sued defendant on his warranty. *Held:*

(1) Plaintiff was a proper and necessary party to the suit to foreclose, in order to bind him by the judgment, and bar his equity of redemption, and the original vendor was entitled to have his lien foreclosed, no matter what defenses existed against the notes given by plaintiff to his vendor.

(2) Plaintiff, having been brought in as a purchaser of the original vendee in possession, could not have set up an adverse title in himself, and had it litigated and determined in the foreclosure suit, nor could he have been compelled in that suit to litigate his adverse title. (Authorities cited.) The only proper parties to a suit to foreclose a mortgage are the mortgagor, the mortgagee, and those who have acquired an interest from them subsequently to the mortgage. (2 Jones on Mort., sec. 1440.) The same rule holds as to similar liens.

(3) When the title to real property is not directly involved in a suit, a third party, in order to intervene, must show to the court that the result of the suit will affect his interests. Plaintiff's adverse title could not have been affected by the foreclosure suit, and was not passed upon in it.

(4) It was a good defense in this suit for defendant to show that the title he conferred on plaintiff was superior to that of the original vendor.

APPEAL from Milam. Tried below before the Hon. W. E. Collard.

This was a suit by Faubion against Rogers on a breach of covenant of warranty of title to 245 acres of land out of the Gafford league in Milam county.

On July 25, 1857, B. R. Thompson executed to Perkins & Phillips a bond for title to 1063 acres of land out of the league, conditioned to make them title on the payment of their notes for the purchase money. Perkins & Phillips took possession, and, on October 4, 1859, executed to Faubion their bond for title to 263 acres of the 1063 acre tract, conditioned to make him title on payment of two notes given for the purchase money.

B. R. Thompson subsequently, in the district court of Milam county, sued Perkins & Phillips on their notes for the purchase money, and prayed a foreclosure of the vendor's lien; and by amended petition, filed April 1, 1878, prayed that Faubion be made a party, and citation was served on Faubion, July 2, 1881.

On January 12, 1873, Rogers, claiming to be the owner, sold to Faubion 245 acres out of the 263 acre tract, and for the sum of $980 then paid to him, executed to Faubion his deed with general warranty of title.

On April 26, 1882, judgment was rendered for plaintiff, B. R. Thompson, for $7260, balance of purchase money, foreclosing vendor's lien on the 1063 acre tract and ordering its sale; and sale was made

under the order, on July 4, 1882, to Henderson. Faubion then instituted this suit against Rogers on his covenant of warranty. Judgment was rendered for Rogers, and Faubion appealed.

*Ford & Ford,* for appellant, cited : R. S., art. 4788; Davis *v.* Wilbourne, 1 Hill, (S. C.) 28; Somers *v.* Schmidt, 24 Wis., 417; Abb. Tr. Ev., 519, 520; Rawle on Cov., 226, 227, and note.

*Sayles & Bassett* and *N. P. Garrett,* for appellee, cited : Wills *v.* Primm, 21 Tex., 381; Magee *v.* Chadoin, 30 Tex., 644; Houston *v.* Musgrove, 35 Tex., 594; Kelly *v.* The Dutch Church, 2 Hill, 105.

WILLIE, CHIEF JUSTICE.—In the view we take of this case, it will not be necessary to consider the various questions raised in the briefs of counsel. From the abstract of the petition in the case of Thompson *v.* Perkins, Phillips and Faubion, found in the statement of facts, it appears that the sole object of that suit was to foreclose a vendor's lien on 1063 acres of land sold by Thompson to Perkins & Phillips. Faubion was made a party, according to the allegations of the petition, because he was an encumbrancer upon the land ; but it is apparent from such portions of the record in that cause as are before us that he was made a party defendant because he had purchased a portion of the land from Perkins & Phillips, and was in possession of it under that purchase when the suit was instituted. He was, therefore, not only a proper, but a necessary party to the suit in order that the title thus held by him, and the possession which he claimed thereunder, might be divested. No question was raised in the case between Faubion and his vendors as to the enforcement of the notes given by him for the 263 acres purchased of them. Such a question was of no importance, as Thompson was entitled to have his lien foreclosed, no matter what defenses might exist against the notes given by Faubion to Perkins & Phillips. It was not a case as between Thompson and Faubion, where a vendor was seeking a foreclosure of his lien, to which his vendee is allowed to plead a failure of the vendor's title as a bar to the collection of the purchase money. In such a case the title comes directly in issue, and there is no objection to allowing the defendant to call in the claimant of the superior title and require him to assert or relinquish his claim to the land. Cooper *v.* Singleton, 19 Tex., 268. But this was a case where a vendor was seeking to foreclose his lien and had made a subsequent purchaser from his vendee a party defendant. Such a purchaser, in possession, was a proper and necessary party to the suit to foreclose, in order to bind him by the judgment and bar

his equity of redemption. Having been brought in as such purchaser, he had no right to set up an adverse title in himself, and have that litigated and determined in the foreclosure suit.

The only proper parties to a suit to foreclose a mortgage, and, of course, the rule holds good as to similar liens, are the mortgagor and mortgagee, and those who have acquired any interest from them subsequently to the mortgage.   Jones on Mort., sec. 1440.

As there is no privity between an adverse claimant, who is a stranger to the mortgage, and the estate, he cannot be made a party for the purpose of trying his adverse claim in the foreclosure suit.   Jones on Mort., secs. 1440, 1445; Pelten v. Farnim, 18 Wis., 222; Diol v. Reynolds, 99 U. S., 340; Croghan v. Spence, 53 Cal., 15; Gage v. Perry, 93 Ill., 179.

The appellant was brought in as a necessary party to the foreclosure suit because he had purchased from the mortgagor.  He was not invited into the cause as the holder of an adverse claim.  He could not have been brought in as such, and compelled to assert and litigate this adverse title in the foreclosure proceeding.  He could not have come in voluntarily, and have been allowed to try the title to the land with the plaintiff in the cause, and could not have recovered it from him in case his title had been adjudged to be the true one.  He occupied towards Thompson's title a two-fold relation.  He was a purchaser under it, and a purchaser in opposition to it.  As the former, he was in the case; as the latter, he was neither in the case, nor could he be allowed to appear and take part in the litigation.  His adverse interest could not be affected by the result of the suit, and hence, as such adverse claimant, he had no interest in it.   Jones on Mort., sec. 1440.

It matters not that the two hostile claims were united in the same person.   They were still as distinct as if owned by different parties. If the adverse title could not be urged by anyone else, it could not be set up by Faubion. . It is not for the reason that the adverse right may be owned by a stranger to the title upon which the lien sought to be enforced exists, that its owner is excluded from the suit, but because the validity of the title itself cannot be litigated in the proceeding.  It was not the intention of Thompson to try in that suit the validity of the Rogers title, and Faubion had no right to force him to do so.  Had Rogers still owned that title, he could not have intervened in the foreclosure suit for the purpose of establishing it.   When the title to real property is not directly involved in a suit, a third party, in order to intervene, should allege such facts as would authorize a court of equity to grant him an injunction.   Whitman v. Willis, 51 Tex., 421.    He

should show to the court that the result of the suit will, in some manner, affect his interests; otherwise he has no business in a cause which ordinarily cannot interfere with his title in any manner whatever. The mere determination of the court that Perkins & Phillips owed Thompson the amount of the notes sued on, and that a lien existed upon the land to secure their payment, and that Faubion was a purchaser from Perkins & Phillips, and received his possession from them, and, hence, that the land should be sold in satisfaction of the notes, adjudicated no question whatever concerning the title to the land, and nothing of this character was involved in the cause. The Rogers title was not, and could not have been called in question, and hence, was not passed upon. As Faubion could not litigate his adverse claim, he had no right to vouch his warrantor, and compel him to do so. His warrrantor, if vouched, was not bound by a judgment which could not legally be rendered against him, and hence Roger's title was not determined in the foreclosure suit. He was not estopped from showing its superiority over the Thompson title in this case, when that question was brought directly in issue; and having shown that it was the superior title, there was no error in the district judges' charging the jury to find for the defendant. The judge gave different reasons for his charge, as to the correctness of which we do not decide. It is sufficient to sustain that judgment under the case made; none other could have been rendered. The judgment is affirmed.

AFFIRMED.

[Opinion delivered June 25, 1886.]