### CHARLES WOLF v. B. F. HARRIS.

Decided December 21, 1898.

**1. Foreclosure—Parties—Holder of Outstanding Title.**

In a suit to foreclose a mortgage the holder of an outstanding title not claimed in privity with the mortgagor can not be made a party for the purpose of litigating his adverse title.

**2. Same.**

The question in such case is not one of personal privilege, which may be waived by continuance without calling attention to the plea, but one of misjoinder of parties.

APPEAL from Travis. Tried below before Hon. R. E. BROOKS.

*Sidon Harris,* for appellant.

*Clark & Bolinger,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—The statement of the case made by the appellant is correct and is so accepted by the appellee. It is as follows: "Suit by appellant upon two notes, executed by H. L. McCutcheon and Maggie McCutcheon, one for $250 on February 15, 1890, and the other for $150 on April 28, 1892, payable to his order, in Travis County, and secured by deeds of trust, of even dates with notes, upon an undivided one-half of a 440 acre tract of land in Bosque County, Texas. Said deeds of trust were recorded in Bosque County directly after their respective dates. Appellant made appellee a party defendant, alleging that appellee resided in Bosque County, and after registration of said deeds of trust took actual possession of said land and wholly appropriated it to his exclusive possession and use, and set up an adverse claim thereto, denying that plaintiff or the McCutcheons have any right or interest therein. That appellee's said acts create a cloud upon the title to said land, which will prevent a sale of it under said deeds of trust, as well as under decree of court foreclosing the lien thereon to pay said notes.

"Appellant alleges that he and the McCutcheons are the owners of said land and are entitled to the possession thereof. He prays for judg-

ment quieting title to said land, so that it can be sold under order of this court to pay said notes, for judgment of foreclosure, and general and equitable relief.

"This suit was filed February 14, 1896. On May 1, 1896, appellee filed his original answer, pleading the personal privilege of being sued in this county (Bosque) of his residence, the pending of a suit for said land by said McCutcheons against him in Bosque County, and specially excepting to the petition 'because it shows it is incompetent for this court in this suit to enter upon trial as to the title of said land between plaintiff's mortgagors and this defendant, and that he would be precluded under such trial from setting up or asserting his title to said land. Wherefore, he says that he is not properly joined in this suit, and that as to him and his rights to said land, this court is without jurisdiction in the proceeding.' He also pleaded a general denial. The case was continued from term to term—once upon formal application of appellee—for over two years, and the plea and exceptions were never presented to the court until the trial was had, on June 21, 1898. Upon trial, appellee's pleas were overruled, but his special exception was sustained."

Appellant assigns error as follows:

"1. The court erred in such ruling, because said Harris was shown by plaintiff's petition to be a proper party to this suit, and his claim to said land can be properly adjudicated in this suit, his interests as fully protected as could be done in a separate suit, and all questions of conflict of titles and claims fully settled before the foreclosure sale of the land involved is had, so that it may sell for a fair and adequate price, without sacrificing the same, as would be done by such sale being had with the title in an unsettled condition.

"2. The court erred further in sustaining appellee's demurrer as stated in the first assignment of error, because he had waived same by laches, same having been on file over two years before he presented it to the court, during which time he had continued the case, once upon express application, and at other times generally.

"3. The court erred in sutaining defendant Harris' special exception to plaintiff's petition, and in refusing to consider the undisputed evidence offered by plaintiff, fully sustaining every allegation of his petition, and conclusively showing that he is entitled to judgment against said Harris as prayed for, all of which fully appears in his bill of exceptions.

"4. The court erred in failing and refusing to enter judgment against defendant Harris, concluding him in the assertion of any claim as to the undivided one-half interest of the land involved in this proceeding and quieting the title to such interest, as prayed for in his petition. He tendered to the court undisputed evidence establishing his right to such relief as shown by his bill of exceptions."

*Opinion.*—There is no statement in plaintiff's petition that he claims title in privity with that of the McCutcheons; but it is apparent from the

averments that Harris' claim of title is independent of the claims of the McCutcheons and of that of the plaintiff, and that the Harris title is outstanding and in nowise connected with the title of McCutcheon. In such a case, Harris was not a proper party to the foreclosure suit; his title could not be adjudicated in the suit to foreclose. Faubion v. Rogers, 66 Texas, 473; Hinzie v. Kempner, 82 Texas, 621; Jones on Mortgages, secs. 1440, 1445; 18 Wis., 222; 96 U. S. 340; 93 Ill., 179.

In Faubion v. Rogers, supra, Willie, Chief Justice, speaking for the court, says: "The only proper parties to a suit to foreclose a mortgage, and, of course, the rule holds good as to similar liens, are the mortgagor and the mortgagee, and those who have acquired any interest from them subsequently to the mortgage. Jones on Mortgages, sec. 1440.

"As there is no privity between an adverse claimant, who is a stranger to the mortgage and the estate, he can not be made a party for the purpose of trying his adverse claim in the foreclosure suit." Citing Jones on Mortgages, 1440, 1445; Pelton v. Farmin, 18 Wis., 234; Dial v. Reynolds, 96 U. S., 340; Croghan v. Spence, 53 Cal., 15; Gage v. Perry, 93 Ill., 179.

It is also decided in the case cited that where one is a proper party because of his privity with the mortgagor's title, and is brought into the suit, still his adverse title can not be litigated in the suit; that he could not be brought in as to that title, nor could he intervene in the foreclosure suit on the adverse title.

The court below was correct in sustaining the exception to the suit against Harris, and in dismissing him therefrom. We believe the question is not one of personal privilege on the part of Harris to be sued in the county of his residence, which he might waive, or has waived, but is one solely of misjoinder of parties.

There was no error in dismissing Harris from the suit; and, of course, none in refusing to hear the proffered evidence sustaining the allegations of the petition which sought judgment against Harris, an adverse claimant. Nor was there error in refusing judgment in favor of plaintiff quieting his title as against Harris' adverse title.

The judgment of the lower court is therefore affirmed.

*Affirmed.*

Writ of error refused.