**ELDER et ux. v. STATEN et al.** (No. 8690.)

(Court of Civil Appeals of Texas. Dallas. June 3, 1922.)

**Venue �köö22(3)—In action to foreclose deed of trust lien defendants, strangers thereto, held not necessary parties.**

In action on note and to foreclose deed of trust lien, defendants, whose claim to the lands against which lien was alleged to exist was entirely disassociated from any claim or assertion of right their codefendants might make, and who were charged with no joint liability resting on contractual relations or any other relations, *held* not necessary parties to the action as respects venue.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by Claude S. Staten and others against J. Frank Elder and others. From an order overruling the plea of privilege of defendants Elder, they appeal. Reversed, with instructions.

W. L. Eason, of Waco, for appellants.
Short & Feild, of Dallas, for appellees.

HAMILTON, J. This is an appeal from an order overruling pleas of .privilege filed by the appellants.

Appellee Claude S. Staten, a citizen of Colorado, instituted suit in the district court of Dallas county against the appellants and various other parties and alleged, in substance, the following: That on or about the 5th day of December, 1918, Mrs. J. A. Miller, Edith J. Manning, and W. R. Manning, residents of Dallas county, all of whom were made defendants, executed and delivered to appellee Staten, plaintiff below, a promissory note for $4,000, due five years after date and payable in Dallas, Dallas county, Tex. It was alleged that the note was given as part of the purchase price for certain real estate situated in the city of Waco, McLennan county, Tex. It was alleged that the property was conveyed by appellee and his wife to Mrs. J. A. Miller and Mrs. Edith J. Manning, wife of W. R. Manning, by two separate deeds of even date with the note, which, as aforesaid, was al-

leged to have been a part of the consideration for the execution and delivery of the deeds, in each of which it was alleged a deed of trust lien was executed upon the property described therein to secure the payment of said note. The liability of Mrs. Miller and Mrs. Manning upon the note was fully pleaded. The following allegations, in connection with those of liability upon the note and of right to foreclose the lien given to secure it, were made: It was alleged that another party defendant, the State National Bank of Ardmore, on the 26th day of January, 1920, brought a suit by attachment in the district court of Dallas county for a stated sum and caused a writ of attachment to be issued to the sheriff or any constable of McLennan county commanding such officer to levy upon any property in that county belonging to the defendants in that suit; that the writ was levied upon the property described as having been conveyed to the defendants Mrs. J. A. Miller and Edith, J. Manning, against which the alleged deed of trust lien had been retained to secure the payment of the above-described promissory note given as aforesaid in part payment for the property by them.

It was also alleged that on the 24th day of April, 1920, another party defendant in the instant suit, W. L. Geer, brought an action by attachment in the district court of McLennan county against W. R. Manning and Mrs. Edith J. Manning for the sum of $1,000, and caused a writ of attachment to be levied upon the property described as securing the $4,000 note sued upon in this case.

It was alleged that appellants, J. Frank Elder and wife, were in possession of the property and claimed some right or interest, real or imaginary, in it "which they are hereby given the opportunity of asserting or not, as they see proper, in defense of this action." There is no other allegation made against the appellants in the petition.

As appears from the foregoing statement of the pleadings upon which liability is predicated, no fact is alleged to disclose any community of responsibility or joint liability, or any other relation between appellants and any of the other defendants in the case. It does not appear from the petition or from any evidence offered to support the controverting plea interposed against the pleas of privilege that the appellants' claim to the land or their possession of it was in any way connected with, based upon, or acquired through any title or right alleged to exist or to have been asserted by any other party to the suit.

The plaintiff appellee Staten offered as evidence to defeat the pleas of privilege the following: A lease executed by L. Craddock to appellant J. Frank Elder, dated June 5, 1918, leasing for a period of six months from that date the property the lien is alleged to

242 S.W.—31

exist upon to secure the $4,000 note in suit; a deed from L. Craddock to plaintiff Staten dated June 29, 1918, conveying the property which the lien is alleged to exist against to secure the $4,000 note; a deed from Staten and wife to appellants' codefendants Mrs. Miller and wife to appellants' codefendants Mrs. Miller and Mrs. Edith J. Manning, wife of W. R. Manning, dated December 5, 1918, conveying the land against which the deed of trust lien is alleged to exist as security for the $4,000 note; the deed of trust securing the debt; the note, upon its face payable at Dallas, Tex. It was agreed that appellants' codefendant Mrs. J. A. Miller is a resident of Dallas county.

Appellant Elder swore that neither he nor Mrs. Elder ever resided in Dallas county; that they reside in Waco, where their domicile has been for 11 years; that neither of them had signed or assumed payment of the note sued upon; that they had been in possession of and had claimed title to the real estate involved in the foreclosure feature during the entire period of their possession; and that a suit against them for the property had been brought by L. Craddock in the district court of McLennan county, which suit was pending on appeal from that court. The petition in the instant suit was also put in evidence by appellants. None of the foregoing evidence adduced in their behalf was controverted or questioned by their adversary.

The appellants were certainly not necessary parties to a suit foreclosing a lien to which they appear to have been strangers; no privity or relation existing between them and the mortgagors. They were not proper parties to a controversy between the other litigants if their claim to the land was entirely disassociated from any claim or assertion of right their codefendants might make. There is nothing in the allegations or proof, as plainly appears therefrom, to suggest any joint responsibility or liability resting upon contractual relations or any other relation between them and their codefendants. So far as appears from the pleadings and proof, they are strangers to every assertion of liability against the other parties to the suit. Accordingly we think the plea of privilege should have been sustained. The following authorities support this view: Drug Co. v. Hamilton, 92 Tex. 284, 48 S. W. 5; Lindheim v. Muschamp, 72 Tex. 33, 12 S. W. 125; Faubion v. Rogers, 66 Tex. 473, 1 S. W. 166; Bolan v. Wrather (Tex. Civ. App.) 239 S. W. 279; Citizens' State Bank v. Goodman (Tex. Civ. App.) 239 S. W. 231; Citizens' State Bank v. Greenberg (Tex. Civ. App.) 239 S. W. 234.

Appellees rely upon the case of Wolf v. Harris, 20 Tex. Civ. App. 99, 48 S. W. 529, to sustain the judgment. That case merely holds that in a suit to foreclose a deed of trust an adverse claimant who holds under an independent title not derived from the mortgagor is not a proper party defendant,

since his title cannot be determined in a foreclosure suit. The case is not authority in support of the judgment of the court overruling the pleas of privilege in this case. Before an exception to the statute of venue could exist in this case, it would be necessary to plead and establish not only that the note sued upon was payable in Dallas county, or that some party liable upon it resided there, but also to disclose in the petition that appellants, alleged to be residents of McLennan county, were at least proper parties to the suit.

Appellees also rely upon the case of Thornley v. Andrews by the Supreme Court of Washington, which is reported in 40 Wash. 580, 82 Pac. 899, 1 L. R. A. (N. S.) 1036, 111 Am. St. Rep. 983. The decision does not support their position. The effect of that decision is that the grantee of a mortgagor has permissive possession of the premises and stands in the same position towards the mortgagee as does the mortgagor, that his possession is the same as that of a mortgagor from whom he derives his possession, and, accordingly, that limitation does not begin to run against such grantee under a mortgagor until the mortgage becomes due. It is further held in that case that such party is not affected by suit to foreclose a mortgage unless he is made a party to it. The case is not authority to sustain any exception to our venue statute by virtue of which the plea of privilege in this case may be overcome.

Since, to overcome the pleas of privilege, it was necessary that appellees' petition should disclose common or related grounds of liability between appellants and other defendants, in addition to appellees' proof in support of the controverting plea establishing facts giving venue of some of the other defendants joined with appellants, and since these requisites were not met by appellee, the judgment is reversed, with instructions to transfer the suit to the district court of McLennan county, Tex., unless appellee Staten dismisses as to appellants.