**SHIPLEY v. PERSHING et al.  (No. 2144.)**

Court of Civil Appeals of Texas. El Paso. April 12, 1928.

Rehearing Denied May 3, 1928.

1. **Judgment** ⟬497(3)—Recital in judgment of suggestion that defendant had been cited by publication did not preclude collateral attack for insufficient service.

Recital in judgment in foreclosure suit as to service upon defendant, that attorney was appointed to represent him on suggestion of plaintiff's attorney that he was cited by publication as required by law, was not such a recital of due service as would preclude defendant from collaterally attacking judgment as to him on ground that he was not served as required by law.

2. **Mortgages** ⟬435, 436—Holder of outstanding independent adverse title cannot be joined nor intervene in foreclosure to adjudicate title.

Holder of an outstanding independent adverse title cannot be joined in a foreclosure suit for purpose of adjudicating his title, and may not intervene therein for such purpose.

3. **Mortgages** ⟬434—Only mortgagor and those acquiring subsequent interest from him are proper parties to foreclosure suit.

The only proper parties defendant to mortgage foreclosure suit are mortgagor and those who have acquired interest in the property from the mortgagor subsequent to the mortgage.

4. **Venue** ⟬5(2)—Suit for foreclosure of vendor's lien held not to involve title to land within statute fixing venue, though one asserting adverse title was joined (Rev. St. 1925, arts. 1995, 2042).

Suit for foreclosure of vendor's lien did not involve title to land upon which the foreclosure was sought, though one asserting adverse claim of title to the land was joined as defendant, and suit was therefore not required to be brought in county in which land or part thereof is situated under venue statute (Rev. St. 1925, art. 1995), requiring suits for recovery of land or to remove incumbrances or quiet title to be brought in county where land lies, and article 2042, requiring publication of citation in such county.

5. **Venue** ⟬5(2)—Interest of one holding under judgment against purchaser held divested by foreclosure of vendor's lien in suit in which claimant was joined, though citation was not published in county where land lay (Rev. St. 1925, arts. 1995, 2039, 2042).

Where citation in vendor's lien foreclosure suit was in accordance with Rev. St. 1925, art. 2039, and was served on defendant by publication as statute requires, title of defendant holding under sheriff's deed executed under judgment against purchaser was divested by foreclosure sale, though publication was not had in county where land was situated, as is required by articles 1995, 2042, in cases involving title to real estate, since suit did not involve title to land.

Appeal from District Court, Ector County; Chas. Klapproth, Judge.

Suit by W. A. Shipley against R. S. Pershing and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Thos. J. Coffee and M. Carter, both of Colorado City, and Royall G. Smith, of El Paso, for appellant.

Samuel K. Wasaff, of Ranger, and B. Frank Haag, of Midland, for appellees.

HIGGINS, J. Appellant brought this suit in the district court of Ector county against R. S. Pershing and others not necessary to mention, in trespass to try title to recover a section of land in Crane county. At the time the suit was brought, the latter county was unorganized and attached for judicial purposes to Ector county. Upon trial without a jury, judgment was rendered for the defendants.

It was agreed E. R. Richardson was the

common source of title. The plaintiff's chain of title is as follows:

General warranty deed from E. R. Richardson to R. S. Pershing, dated April 28, 1914, recorded May 11, 1914. The consideration was $10 cash and a note for $950, due in 5 years, executed by Pershing, payable to the order of Wimer-Richardson & Co., at San Antonio, Tex., to secure the payment of which a vendor's lien was expressly reserved in the deed. The deed conveyed such lien to the payee of the note.

On December 14, 1911, A. J. Greiner recovered a judgment against Pershing in the county court of Bexar county, upon which an alias execution was issued May 8, 1915, levied two days later, and the land sold by the sheriff on the first Tuesday in July, 1915, to W. A. Meador, for $25, and upon the same date the sheriff executed deed to Meador, filed for record July 9, 1915; a quitclaim deed from Meador to J. A. Ellis for a consideration of $75, dated and filed for record November 19, 1916; a special warranty deed from Ellis to W. A. Shipley, dated December 4, 1917, filed for record August 5, 1918.

The defendants' chain of title is as follows: Deed from E. R. Richardson to R. S. Pershing, above mentioned; general warranty deed from R. S. Pershing and L. B. Haines to American Realty & Loan Company, trustee, conveying the land in controversy and two other sections in consideration of $1, and subject to incumbrances aggregating $2,500, dated April 29, 1914, filed for record May 11, 1914. This deed does not disclose for whom the grantee held the land in trust. General warranty deed from American Realty & Loan Company, trustee, to Pershing Lumber Company, dated October 27th, 1914, filed for record October 30, 1920, conveying the three sections above mentioned, for a consideration of $10 and assumption of incumbrances totaling $2,500. This deed recited that the grantor, a corporation, acted "as trustee for L. B. Haines and R. S. Pershing." Petition in suit filed in the district court of Bexar county by E. R. Richardson against R. S. Pershing, American Realty & Loan Company, a corporation, as trustee, and R. S. Pershing and F. O. Pershing, as trustees for the Pershing Lumber Company, a corporation, incorporated under the laws of Tennessee, which the evidence aliunde shows was in liquidation, and against W. A. Shipley. The petition declares upon the $950 note described in the deed from Richardson to R. S. Pershing and for foreclosure of the vendor's lien retained in said deed. It was averred that plaintiff became the owner of the note by indorsement of Wimer-Richardson & Co. It is not shown by the petition, nor otherwise, that Richardson had been reinvested with the superior legal title to the land which had been transferred to Wimer-Richardson & Co., as above stated in the Richardson to Pershing deed.

It was averred Shipley's residence was unknown, which allegation was duly verified.

Judgment was sought against R. S. Pershing for the amount due upon the note and against all defendants for foreclosure of the vendor's lien upon the land in controversy. This petition was filed November 6, 1920. Judgment of the district court of Bexar county, dated March 9, 1921, rendered in the above suit against R. S. Pershing for $1,225.48, the amount due upon the note, with foreclosure of lien against R. S. Pershing individually, W. A. Shipley, and against R. S. and F. O. Pershing as trustees for the Pershing Lumber Company, foreclosing the vendor's lien upon the land in controversy as it existed on April 28, 1914. The suit as to the American Realty & Loan Company was dismissed.

The recitation in the judgment as to service upon Shipley was that the plaintiff, having appeared by his attorney, "and having suggested to this court that the defendant W. A. Shipley was cited by publication as required by law, W. E. Engel, Esq., of the San Antonio bar, was appointed by the court to represent the defendant W. A. Shipley." The attorney appointed to represent Shipley, filed an answer in his behalf.

Order of sale issued upon the above-mentioned judgment, which by the sheriff of Ector county was levied on the land in controversy May 26, 1921, under which the land was sold July 5, 1921, to E. R. Richardson for $375, to whom the sheriff executed a deed dated July 5, 1921; general warranty deed from E. R. Richardson to R. S. Pershing conveying said land for a consideration of $1,405.30 cash, dated August 5, 1921, duly recorded.

The plaintiff then offered in evidence the citation found among the papers in the foreclosure suit in Bexar County, and sheriff's return thereon, being the only citation and service as to Shipley found among the papers in the case. This citation was issued in conformity with article 1874, R. S. 1911, article 2039, R. S. of 1925, and was duly served by publication in a newspaper published in Bexar county as prescribed by said article.

The theory of appellant, as stated in his brief, is as follows:

"(1) The conveyance from Pershing to the American Realty & Loan Company, dated April 29, 1914, filed for record May 11, 1914, being without consideration, and the subsequent deed from the American Realty & Loan Company, as trustee for R. S. Pershing, to the Pershing Lumber Company, dated October 27, 1914, but not filed for record until October 30, 1920, were each void as to existing creditors, and consequently the levy on May 17, 1915, of an execution issued on a judgment against Pershing rendered December 14, 1911, and a sale thereunder on July 6, 1915, conferred title in the purchaser at such sale both as against Pershing, the American Realty & Loan Company, the

grantee in such unrecorded deed, and all subsequent vendees.

"(2) The judgment of the district court of Bexar county in the suit of E. R. Richardson v. Pershing et al., rendered March 9, 1921, is void as to the defendant W. A. Shipley, because as to defendant Shipley said action involved the title to land in Crane county, Tex., and the citation by publication for defendant Shipley is shown to have been published in Bexar county instead of in the county where the land was situated, as required by statute; there being no recital or finding in the judgment of regularity or sufficiency of the service upon defendant Shipley."

We need not stop to consider other portions of the record bearing upon the application of the underlying principles of law upon which appellant's first premise is predicated. It may be assumed that by virtue of the sheriff's sale and deed to Meador the latter acquired title which later passed to Shipley superior to the title of the Pershing Lumber Company.

[1] We agree with appellant that the judgment in Richardson's foreclosure suit contained no such recital of due service upon Shipley as would preclude the latter, upon collateral attack, from showing by the citation and sheriff's return among the papers of the case that he was not served as by law required, and the judgment thus void as to him.

No question is presented as to the sufficiency of the citation which was in accordance with article 1874, R. S. 1911 (article 2039, R. S. 1925), nor is it questioned that the same was served by publication in a newspaper published in Bexar as that article directs. But it is asserted the Bexar county foreclosure suit was as to Shipley a "suit involving the title to land" and under article 1877, R. S. 1911 (article 2042, R. S. 1925), service of citation upon Shipley, by publication, must have been had by publication in Crane county where the land was situate.

[2] The holder of an outstanding independent adverse title cannot be joined in a foreclosure suit for the purpose of adjudicating his title, nor would the holder of such title be permitted to intervene for such purpose. Branch v. Wilkens (Tex. Civ. App.) 63 S. W. 1083; Faubion v. Rogers, 66 Tex. 473, 1 S. W. 166; Wolf v. Harris, 20 Tex. Civ. App. 99, 48 S. W. 529.

[3] The only proper parties defendant to a mortgage foreclosure suit are the mortgagor and those who have acquired an interest in the property from the mortgagor subsequent to the mortgage. The same rule applies to similar liens. Faubion v. Rogers, supra.

5 S.W.(2d)—51

[4, 5] Shipley's title, if any, was acquired from R. S. Pershing, subject to the vendor's lien then held by Wimer-Richardson & Co., and later acquired by E. R. Richardson when he became the owner of the $950 note. As to Shipley, the suit was purely one of foreclosure. A foreclosure suit does not involve the title to the land upon which the foreclosure is sought.

It was so held in Branch v. Wilkens, supra, with respect to the fourteenth subdivision of the venue statute (article 1995, R. S. 1925), which provides that suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie. To the same effect are Holcomb v. Williams (Tex. Civ. App.) 194 S. W. 631, Sumner v. Jester (Tex. Civ. App.) 252 S. W. 1088, and other cases there cited.

Under the law of Missouri, the Supreme Court of that state has appellate jurisdiction "in cases involving title to real estate." The jurisdiction of certain inferior courts is governed by like provision. Bailey v. Winn, 101 Mo. 649, 12 S. W. 1045, was a suit to foreclose a vendor's lien. In that case it was said:

"This court has appellate jurisdiction 'in cases involving title to real estate.' It has been the constant ruling, under this clause of the constitution, that cases having for their sole object the enforcement of tax bills and mechanics' liens, and the foreclosure of mortgages, do not involve the title to real estate. Baier v. Berberich, 77 Mo. 414; [Syenite] Granite Co. v. Bobb, 97 Mo. 46, 11 S. W. Rep. 225; Corrigan v. Morris, 97 Mo. 174, 10 S. W. Rep. 880. It is not enough that the judgment, when carried into execution, will affect the title to land. The title must be involved in the suit itself, and be a matter about which there is a contest."

See, also, Bobb v. Wolff, 105 Mo. 52, 16 S. W. 835; McGregor v. Pollard, 130 Mo. 332, 32 S. W. 641; State v. Elliott, 180 Mo. 658, 79 S. W. 696; Jones v. Hogan, 211 Mo. 45, 109 S. W. 641; P. M. Bruner, etc., v. Klein, 170 Mo. 225, 70 S. W. 687; Syenite, etc., v. Bobb, 97 Mo. 46, 11 S. W. 225.

We are therefore of the opinion the Bexar county foreclosure suit was not a suit involving the title to land; wherefore article 2042, R. S. 1925, has no application, and the attack made upon the judgment of foreclosure is not well taken. It follows that Shipley's title, if any, was divested by the foreclosure sale. This conclusion renders it unnecessary to consider other views which would probably call for affirmance of the judgment.

Affirmed.