### RICHARDSON v. KENT. (No. 881.)

Court of Civil Appeals of Texas. Waco.
Oct. 3, 1929.

Rehearing Denied, Nov. 7, 1929.

Bishop & Holland, of Athens, for appellant.

W. A. Tarver, of Austin, and Lawrence Treadwell, of Corsicana, for appellee.

BARCUS, J. This is an appeal from an injunction granted by the judge of the district court of Navarro county, restraining appellant and his attorneys from prosecuting or trying a suit which appellant had filed in the district court of Henderson county against appellee G. C. Kent and others. The injunction was granted in chambers on an ex parte hearing. No motion was made to dissolve said injunction as granted.

The facts as disclosed by the record show that in November, 1925, H. A. May conveyed to R. H. Logan 1,290 acres of land in Henderson county, and retained a vendor's lien to secure the payment of two notes, one for $8,000 and the other for $18,000. The $18,000 note was a prior and superior lien to the $8,000 note and was sold to the Federal Land Bank of Houston. The $8,000 note was sold to G. C. Kent. At the time the Federal Land Bank became the owner of the $18,000 note, R. H. Logan executed a deed of trust to said bank in addition to the vendor's lien which it had to secure the payment thereof.

On December 15, 1928, appellee G. C. Kent filed suit in the district court of Navarro county against R. H. Logan and Finis McCluney on his $8,000 note and to foreclose his vendor's lien on the 1,290 acres of land. He alleged that Finis McCluney had purchased the land from Logan and assumed the payment of the note. On January 8, 1929, judgment by default was rendered in favor of Kent against R. H. Logan and Finis McCluney for the amount sued for and a foreclosure of the vendor's lien. Neither the petition filed by G. C. Kent nor the judgment rendered made any mention of the prior lien against said land to secure the $18,000 note held by the Federal Land Bank. An order of sale was issued on said judgment and directed to the sheriff of Henderson county, who levied upon the 1,290 acres of land and advertised same for sale.

When the land was advertised for sale, appellant J. H. Richardson filed a suit in the district court of Henderson county to restrain G. C. Kent and the sheriff of Henderson county from selling the 1,290 acres of land. In said petition he alleged he was the owner of and in possession of said land and was not a party to the suit filed by G. C. Kent against Logan et al. in Navarro county, and that he held and owned said land unincumbered by any lien asserted by G. C. Kent. The prayer of appellant in the petition and application for injunction filed in the district court in Henderson county, which was granted, was as follows: "Wherefore, premises considered, plaintiff (Richardson) prays that the defendants (Kent et al.) be cited to appear and answer this petition; that this court issue temporary writ of injunction, restraining defendants from making sale of said land and premises, and that upon hearing hereof said injunction be made permanent; for all costs of suit, and for all other relief, both special and general, either in law or in equity, to which the plaintiff may in the judgment of the court be justly entitled to."

After the district court of Henderson county granted appellant said injunction, appellee G. C. Kent, on March 9th, 1929, had the default judgment which he had obtained in Navarro county on January 8th set aside. He then filed his amended petition in said suit, same being identical with his original petition with the exception that he alleged that appellant, whom he made party defendant, claimed some interest in the land on which he sought his foreclosure, which was adverse to his rights but which he alleged was inferior to those held by him. Appellant filed his plea of privilege in the Navarro county suit, and a controverting affidavit was filed; and subject to the plea of privilege, appellant, in the suit in Navarro county, filed his plea in abatement alleging in effect that the district court in Navarro county had no jurisdiction because the district court of Henderson county had already obtained jurisdiction to try the issues as between himself and appellee Kent; and further, because it was an effort on the part of appellee Kent to remove cloud from title and to combine in one suit a foreclosure of a vendor's lien and a suit in trespass to try title or a suit to remove cloud from title. He alleged he owned the land, having purchased same at a foreclosure sale under the deed of trust that had been given to the Federal Land Bank to secure the prior and superior lien of $18,000. In response thereto appellee Kent filed his first supplemental petition in the case in Navarro county, in which he joined issue with the matters contained in the answer and

plea in abatement of appellant, and made an additional party, to wit, J. P. Pickens, who he alleged was the trustee who sold the property to Richardson under the deed of trust that had been given to the Federal Land Bank. Thereafter appellant filed an amended petition in the suit he had brought in Henderson county against G. C. Kent and the sheriff of Henderson county to restrain the sale of the land in controversy, for the purpose of removing the cloud from title by reason of the claimed lien of appellee Kent, and said cause was ready for trial on the 19th day of August, 1929, in Henderson county.

On August 17, 1929, appellee Kent, in the district court of Navarro county, filed his application for an injunction to restrain appellant from further prosecuting the suit he had filed in Henderson county. Appellee's application for injunction stated, in substance, all of the facts and history of the litigation as hereinabove set forth. Paragraph 7 of said application for injunction states:

"That by reason of the diversity of the parties in the two suits (his suit in Navarro County and appellant Richardson's suit in Henderson County) and the diverse interests of the several parties to the two several suits, neither suit can be abated; that plaintiff has filed no pleadings in the case in Henderson County; that plaintiff is cited to appear and answer in the Henderson County district court on Monday, August 19th, 1929, and if forced to answer there large additional expense in the litigation over said lien will have to be paid by him in the sum of about $1,000.00; that should said suit be prosecuted to trial, in all probability a different judgment will be entered there from the judgment which will be entered in this court; that because of the different parties to the two suits, the same judgment could not be entered in each case; that such conflicting judgments would and of necessity must cloud the title and rights of possession to said 1290 acres of land * * * that there is now no occasion or reason for further prosecuting the suit in Henderson County, and to allow same to be further prosecuted there would result in a multiplicity of suits, to the injury and damage of this plaintiff, as alleged above, and that unless such injunction be issued, plaintiff will be irreparably damaged, and his only remedy in the premises is the most equitable remedy of injunction."

Appellee then prays for an injunction, restraining appellant, his agents and attorneys, from the further prosecution of the cause in Henderson county, and from taking any orders in said suit until the further orders of the court in Navarro county. The district judge of Navarro county, in chambers, on the 17th of August, 1929, granted the injunction as prayed for, and it is from said order this appeal is perfected.

█ Appellee has filed a motion asking that this appeal be dismissed, and in the alternative that all of the papers contained in the transcript be stricken therefrom and not considered by this court in passing upon the merits of the case except the application for injunction which was filed with the trial court, because, he says, article 4662 of the Revised Statutes 1925 provides that on appeal from an injunction, "such case may be heard in the Court of Civil Appeals or Supreme Court on the bill and answer and such affidavits and evidence as may have been admitted by the judge of the court below." His contention is that since the injunction appealed from was granted in chambers on the application, without hearing any evidence, the appellate court is limited to the things contained therein. We do not think it is necessary in this case for us to determine this question, since all of the material papers embraced in the transcript were either referred to or directly made a part of appellee's application for injunction, and the trial court is presumed to have considered same. Said motion is therefore overruled.

Appellant contends that the district court of Navarro county had no right or authority to restrain him from prosecuting his suit in the district court of Henderson county, on the theory that at the time he filed said suit he was not a party to the suit in Navarro county and that the judgment rendered in same had become a final judgment in the sense that an execution or an order of sale could be and had been issued thereon. Appellant further contends that by reason of his having filed suit in Henderson county to restrain appellee from selling the land, and said court having granted said restraining order, and since he thereafter in said suit filed an amended petition seeking to remove the cloud from title claimed by appellee and to permanently restrain the sale of said land by appellee, said court first obtained jurisdiction and was therefore entitled to retain jurisdiction thereof for all purposes. Appellee contends that by his having filed suit to foreclose the vendor's lien in Navarro county long before appellant filed his suit in Henderson county, the district court of Navarro county obtained jurisdiction of all matters, and that the mere rendering of a judgment by the district court in Navarro county against the defendants named in the petition, and the order of sale having issued thereon, did not prevent the court in Navarro county from thereafter at the same term of court setting aside said judgment, in order that the appellant might be made a party defendant therein.

█ The courts uniformly hold that a person claiming an adverse title to that sought to be foreclosed is neither a proper nor a necessary party, since a suit to foreclose a mortgage and a suit to remove a cloud from title, against one who claims under a separate and distinct title from that sought to be foreclosed,

cannot be litigated in one and the same suit. Wiltsie on Mortgages, pp. 457, 546, 548 and 549; Wood & Bro. v. Brooks (Tex. Civ. App.) 5 S.W.(2d) 203; Shaw v. Stinson (Tex. Civ. App.) 211 S. W. 505; Coleman v. Garvin (Tex. Civ. App.) 158 S. W. 185; Elder v. Staten (Tex. Civ. App.) 242 S. W. 480; Branch v. Wilkens (Tex. Civ. App.) 63 S. W. 1083; Faubion v. Rogers, 66 Tex. 472, 1 S. W. 166; Wolf v. Harris, 20 Tex. Civ. App. 99, 48 S. W. 529.

▮ Unquestionably, the court which first acquires jurisdiction maintains same to the exclusion of all other courts of concurrent jurisdiction. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063 and authorities there cited; Barrier v. Lowery (Tex. Com. App.) 11 S.W.(2d) 298; Barrier v. Lowery (Tex. Com. App.) 13 S.W.(2d) 688.

▮ In order for a court to restrain parties from litigating their matters in controversy in another court of concurrent jurisdiction, it must appear that the parties and causes of action are substantially the same, Blume v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 225 S. W. 831; and it should further clearly appear that the party seeking the injunction is entitled thereto, Fleming-Stitzer Road Bldg. Co. v. Chastain (Tex. Civ. App.) 241 S. W. 619.

▮ The judgment rendered on January 8, 1929, in the district court of Navarro county was in all respects a valid, binding, and enforceable judgment against all of the parties to said suit. Appellee recovered therein a judgment on his note against all the parties he now claims to be liable therefor, and foreclosure of his vendor's lien against all the defendants named in said judgment. It is unquestionably true that before appellee could sell the title belonging to appellant, it was necessary for him to be made a party to a suit for that purpose. Since appellant was not a party in the Navarro county suit, the judgment rendered did not affect him. Neither did it bar appellee from instituting a separate, independent suit against appellant to foreclose as against him without joining any of the parties who were disposed of by the Navarro county judgment.

▮ Appellant, by having instituted his suit in the district court of Henderson county to restrain appellee from selling the land, which was situated in said county, thereby invoked and obtained the jurisdiction of the district court of Henderson county not only for said purpose but for the purpose of litigating all the issues between him and appellee relative to said land, and the filing of his petition was the original institution of proceedings that in any way affected him or his title. The district court of Henderson county, having first obtained jurisdiction over the matters to be litigated between appellant and appellee Kent, was and is entitled to retain jurisdiction over said matters to the exclusion of all other courts of concurrent jurisdiction. Cleveland v. Ward, supra. After appellant had filed suit in the district court of Henderson county, appellee could not defeat the right of said court to adjudicate said matters by having the valid judgment, which he obtained against the parties he had sued in Navarro county set aside, and then make appellant a party in said court. Whether appellant was a proper party to appellee's suit in Navarro county, or whether he could have been originally forced to litigate his controversy with appellee in said court, are questions that are not necessary for us to, and we do not, determine.

▮▮ Under paragraph 7 of appellee's application for injunction, copied in full above, appellee states that by reason of "the diverse interests of the several parties to the two suits, neither suit can be abated," and further states that "the same judgment could not be entered in each case." If these allegations are true—and for the purpose of granting an injunction they must be taken as true—appellee under his application was not entitled to the injunction. As revealed by the record, appellee is seeking to foreclose what he alleges to to be a second vendor's lien without making the holder of the first vendor's lien, namely, Federal Land Bank, a party defendant, and is seeking in his amended pleadings filed in Navarro county, after appellant had enjoined the sale of the property under the former judgment to cancel a deed which appellee alleges appellant has to the land in controversy. The issues as presented by appellee in his amended pleadings in Navarro county are entirely different and constitute an entirely new cause of action from the one originally filed, and is in substance the same issue tendered by appellant in Henderson county. There is no question about appellee's right to a personal judgment against the signer of the note he holds and against those who assumed its payment. The only issue to be determined in so far as appellant and appellee Kent are concerned, in either court, is whether appellant has a title to said land clear of all incumbrances and claims of the appellee Kent. Whether appellee Kent has a right of redemption as against Richardson and the Federal Land Bank, or whether appellant has a valid title, are questions that are not properly before us and we do not determine.

Under the facts in this case, the trial court was in error in granting the injunction, and same is in all things dissolved.