## NORTHERN ILLINOIS FINANCE CORPORATION v. SHERIDAN.

### No. 13018.

Court of Civil Appeals of Texas. Dallas.

May 4, 1940.

Rehearing Denied June 1, 1940.

Burt Barr, of Dallas, for appellant.

Cunningham, Lipscomb & Cole, of Bonham, for appellee.

LOONEY, Justice.

The Northern Illinois Finance Corporation sued W. R. Johnson on his promissory note for $348, payable to L. Tully, transferred to plaintiff, secured by a chattel mortgage on an automobile; also sued R. E. Sheridan, alleging that he "is claiming some right, title or interest in and to said automobile that is inferior to any right of the plaintiff herein." The petition failed to allege the residence of either party, stating simply, "That plaintiff has its agent in Dallas County, Texas, that the residence of the defendant, Johnson, is unknown to the plaintiff", it appearing inferentially that plaintiff is a foreign corporation. However, citation was issued and served upon the defendant Sheridan, who, in due time, filed a plea of privilege, asserting his right to be sued in Fannin County where he resided. The plea was contested, but the controverting plea failed to allege specifically any fact or facts relied upon to confer venue as to Sheridan, unless the allegation that plaintiff had an agent in Dallas County, to wit, its attorney, Burt Barr, may be considered a venue fact. The agency of the attorney was based upon his employment to collect the note in suit. The court below sustained Sheridan's plea of privilege and changed the venue of the cause, as to him, to a court of proper jurisdiction in Fannin County, from which order the plaintiff appealed.

Plaintiff's contention is that, the suit is properly maintainable in Dallas County, under Subds. 3 and 29a of Art. 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, Subds. 3, 29a, on the theory that, the residence of the defendant Johnson being unknown, the suit, as to him, was properly brought in Dallas County where plaintiff had acquired a residence, by virtue of the residence there of its attorney, Burt Barr, hence, being lawfully maintainable in Dallas County against Johnson, under Subd. 3, and Sheridan being a necessary party, the suit was also maintainable against him in Dallas County, under Subd. 29a.

We do not think a foreign corporation can establish a venue residence in any particular county, by simply employing an attorney, resident of the county where the litigation is instituted. The character of agency that establishes residence, within the meaning of the venue statute, is an agency for the prosecution of the charter purposes of the corporation. So, under the facts and circumstances of the instant case,

we do not think it can be said that plaintiff acquired a venue residence in Dallas County, and the fact that Johnson's residence was unknown would not authorize maintenance of the suit in Dallas County against Sheridan, in the face of his plea of privilege to be sued in the county of his residence. See Kennedy & Gafford v. Reppond, Tex.Civ.App., 226 S.W. 140; United States Gas & Oil Co. v. Duffy, Tex.Civ. App., 8 S.W.2d 278, 280; Thomason v. Sparkman, Tex.Civ.App., 55 S.W.2d 871; and Key v. Mineral Wells Inv. Co., Tex. Civ.App., 96 S.W.2d 804.

■ However, if it be conceded that plaintiff acquired a residence in Dallas County, under Subd. 3 of Art. 1995, by reason of the residence there of the attorney employed to collect the note, yet, we do not think Sheridan was suable in Dallas County, over his objection, in that he was not a necessary party, within the meaning of Subd. 29a of Art. 1995. Plaintiff alleged, "That the defendant, Sheridan, is claiming some right, title or interest in and to said automobile that is inferior to any right of the plaintiff herein", but did not allege or prove that Sheridan was in possession of the automobile, or from whom he acquired the right, title or interest in the automobile allegedly claimed by him, or the nature of his claim.

It is well settled that one merely claiming some interest in mortgaged property, upon which foreclosure is sought, is not a necessary party. In Johnson v. First Nat. Bank, 42 S.W.2d 870, 871, 872, Judge Alexander, speaking for the Waco court, used the following language in point: "The plaintiff merely alleged that said two defendants (the Mill and the Bank) were claiming some interest in the mortgaged property, and that such interest was inferior to plaintiff's claim. It was not alleged that they were the owners of the mortgaged property. The mere fact that such defendants were claiming some interest in the mortgaged property is not sufficient to make them necessary parties to the suit brought by the plaintiff against the mortgagors to foreclose the lien. Shipley v. Pershing (Tex.Civ.App.) 5 S.W.2d 799, par. 2; Richardson v. Kent (Tex.Civ.App.) 21 S.W.2d 72, par. 2; Gamble v. Martin (Tex.Civ. App.) 151 S.W. 327, par. 5." Also, see 43 Tex.Jur., pp. 767, 768, sec. 48, and the authorities cited.

It follows that, in our opinion, the judgment of the court below, sustaining Sheridan's plea of privilege, was correct, hence should be and is affirmed.

Affirmed.