McCOOK et al. v. AMARADA PETROLEUM CORPORATION et al.

No. 4941.

Court of Civil Appeals of Texas. Texarkana.

Feb. 13, 1936.

Rehearing Denied March 5, 1936.

D. B. Chapin and Edward A. Brown, both of Longview, and Nat Gentry, of Tyler, for appellants.

Phillips, Trammell, Chizum, Estes & Edwards and James & Conner, all of Fort Worth, Orgain & Carroll, Beeman Strong, A. D. Moore, and Carl McLynn, all of Beaumont, W. Edward Lee, of Longview, Jones & Jones, of Mineola, Ernest S. Goens, of Tyler, J. W. Timmins, of Dallas, Geo. Prendergast, of Marshall, T. B. Stinchcomb and H. P. Smead, both of Longview, Baker,

Botts, Andrews & Wharton, of Houston, Cecil Glass, of Marlin, C. G. King, of Dallas, Saye & Saye and Edwin Lacy, all of Longview, and Wm. C. Fitzhugh and H. C. Walker, Jr., both of Shreveport, La., for appellees.

SELLERS, Justice.

Harmon B. Howard, deceased, was married three times. His first wife was Lucy Howard. To this marriage was born three children, only one of whom, Martha Howard, survived her father. The other two died without being married. The second wife was Anne Howard, and to this marriage was born four children, Z. T. Howard, Job N. Howard, George E. Howard, and Dora Howard, all of whom survived their father. His third wife was Mary Y. Howard, and to this marriage was born one child, Sarah Julia Howard, who also survived her father. The plaintiffs in this suit are the direct descendants of the children of the first and third marriages; and the defendants herein are the descendants of the second marriage and those claiming under them.

There was an appeal of this case to this court from a ruling of the trial court on defendants' pleas of privilege and the opinion of this court on that appeal will be found in 73 S.W.(2d) 914. We refer to this opinion for a full statement of plaintiffs' cause of action, for we shall only briefly undertake to set it out here.

The plaintiffs in their action seek to recover the undivided interest of each of the children of the first and third marriages alleged to be an undivided one-twelfth interest each in and to 270 acres of land, a part of the Wm. H. Castleberry Survey located in Gregg county, Tex. They further sought to annul a partition decree in the district court of Wood county wherein the defendants in this action secured a partition of the land herein involved upon allegations that they were all the heirs of Harmon B. Howard, deceased, and that the land was community property of his second marriage. Plaintiffs herein allege that the partition decree was fraudulently obtained in furtherance of a conspiracy on the part of the defendants to defraud the plaintiffs out of their interest in the land. The plaintiffs alleged their title to the land specifically and seek to recover it as heirs of Harmon B. Howard.

The defendants in their answer pleaded not guilty, and title by limitation of the 5, 10, and 25 years' statutes of limitation. The case was tried to a jury, and after all the evidence was in the parties agreed that the evidence introduced made no disputed issue of fact to be submitted to the jury and the jury was discharged. The court, after hearing argument of counsel, entered judgment in favor of defendants that plaintiffs take nothing by their suit. From this judgment the plaintiffs have duly prosecuted this appeal.

The case is before this court without a statement of facts. However, the trial court, at the request of appellants, has filed his findings of fact and conclusions of law. The findings of fact are very voluminous, and we deem it unnecessary to quote from same, since the questions involved on this appeal make no attack on the findings of fact of the court, but insist that the trial court erred in his conclusion of law that the appellees have title under the 5, 10, and 25 years' statutes of limitation.

Appellants make the contention that the statutes of limitation of 5, 10, and 25 years which are applicable to actions for recovery of land do not apply to appellants' cause of action, since their suit is one in equity to set aside a judgment, and only the four years' statute of limitation applicable to personal actions has application. We are cited to the opinion of this court on the plea of privilege hearing as authority for the proposition that appellants' suit is one in equity to set aside a judgment, and therefore the four years' statute applies. While it is true that we there held appellants' petition to state a cause of action in equity to set aside a judgment, we did not hold that appellants would be entitled to a judgment canceling the judgment of partition without first proving their alleged title to the land. In other words, it would seem that appellants in order to show themselves entitled to a judgment for any relief in this proceeding are not only required to show the invalidity of the partition decree by showing that they were heirs of Harmon B. Howard and inherited an interest in the land partitioned and were not made parties to the partition suit, but they must go further and show a title to the land in them at the time this suit was filed. Failing in this, they are not entitled to a judgment vacating the partition decree. In this case the true criterion as to which statutes of limitation apply does not lie in the determination of the character of action brought by appellants, but the question is answered by determining the legal effect of

the judgment sought to be annulled. If the appellants had been parties to the partition decree sought to be annulled and they were not served with citation or other grounds existed for setting the decree aside, under the authorities the four years' statute would apply for the reason that the judgment would be binding upon appellants until it was set aside and appellants would have no right of action to recover the land until such judgment was annulled. Not having a right of action to recover the land, the statute of limitation with respect to actions for the recovery of real estate would not apply for such statutes can only run against one having a right of action to recover land. Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025; Garza v. Kennedy (Tex.Com.App.) 299 S.W. 231.

The situation is different, however, when the parties seeking to annul a decree, as here, are not parties or privies to it. In such a case the decree sought to be annulled is in no way binding upon them and they have at all times, so far as the partition decree is concerned, a right of action to recover the land, and having a right of action to recover it, the appellees were entitled to plead in this suit the 5, 10, and 25 years' statutes of limitation applicable to such actions to defeat appellants' title. Stafford v. Stafford, 96 Tex. 106, 70 S.W. 75; Honea v. Arledge et al., 56 Tex.Civ.App. 296, 120 S.W. 508; Carl et al. v. Settegast (Tex.Com.App.) 237 S.W. 238.

The appellants contend that the statutes of limitation against their action for the recovery of the land could not run against them for the reason that they did not know until 1931 that they inherited an interest in the land in controversy. The trial court found it to be a fact that appellants did not know of their title to the land until about this time. Such fact alone, it seems, will not toll the statutes of limitation in this state. Krause v. Hardin (Tex.Civ.App.) 222 S.W. 310; 37 C.J. § 350, p. 969. However, appellants contend that appellees fraudulently concealed from them the fact that they had an interest in the land. The trial court found against appellants on this contention. But it is insisted that the trial court's findings established such fraud as a matter of law. This contention grows out of the facts as found by the trial court to the effect that Harmon B. Howard acquired this land in 1854 by purchase from David L. Neel and immediately recorded his deed in Upshur county, Tex., where the land was located.

In 1873 Gregg county was cut off from Upshur county and this land was then in Gregg county. But the deed was never recorded in Gregg county. The appellees in this suit first came into possession of this land about 1884, and some time thereafter came into possession of this original deed, but never had it recorded in Gregg county. And there was the further finding that appellees never advised appellants of their title to the land although some of the appellants visited with some of the appellees. These facts, in our opinion, are insufficient as a matter of law to show a fraudulent intent on the part of appellees to conceal from appellants knowledge of their interest in the land.

Appellants make the point that since they were cotenants with appellees there is no ouster shown which will start the running of the statutes of limitation against them. This contention cannot be sustained for two reasons: First, because it is held in this state that a partition decree such as the one entered in this case is sufficient to constitute such ouster. Cryer v. Andrews, 11 Tex. 170; Honea v. Arledge, supra; Gaddis v. Junker (Tex.Civ.App.) 29 S.W. (2d) 911. And, second, it is well settled that an ouster is created when one cotenant by deed which purports to convey the whole fee simple title of the land ignoring the interest of the other cotenants, and the purchaser records his deed and goes into possession and claims under said deed. Chestnut v. Casner et al. (Tex.Civ.App.) 42 S.W.(2d) 175; Clayton et al. v. Humble Oil & Refining Co. (Tex.Civ.App.) 291 S.W. 597; McBurney et al. v. Knox (Tex.Com. App.) 273 S.W. 819; Olsen v. Grelle (Tex. Com.App.) 228 S.W. 927; Robles v. Robles (Tex.Civ.App.) 154 S.W. 230. The court's findings of fact make applicable these rules, for the court finds that some of the appellees, the cotenants in possession under the partition decree, sold all the land except one tract by deeds which purported to convey the entire title to the land to parties who purchased in good faith and who recorded their deeds and went into possession under them and held adverse possession a sufficient length of time to ripen the title by limitation under the 5, 10, and 25 years' statutes. The same rule applies to the tract excepted, the only difference being that it was conveyed by execution sale rather than by one of the cotenants.

When this case was called for trial, several defendants failed to answer and the court rendered judgment by default

against each of them. When the trial was completed and before the court entered its final judgment, upon motion of these defaulting defendants it was made to appear to the trial court that each of those against whom a default judgment was entered were warrantees of other defendants who had answered and specifically pleaded the statutes of limitation. Under this situation the trial court set aside the default judgment and denied appellants a recovery against such defendants. This action of the court is assigned as error on this appeal. We think the assignment is without merit. The most complete answer to this contention is that expressed by Judge McClendon in Landders v. City of Austin (Tex.Civ.App.) 278 S. W. 466, where it is held that the trial court's discretion to set aside a default judgment at the term at which it was rendered is not subject to review.

The assignments discussed dispose of the main contentions made on this appeal. There are a number of other assignments, however, which we have considered, but believe them to be without merit, and they are overruled.

The judgment of the trial court is therefore affirmed.