## UNIVERSAL LIFE & ACCIDENT INS. CO. v. JOHNSON.

### No. 1831.

Court of Civil Appeals of Texas. Eastland.

Sept. 23, 1938.

Rehearing Denied Oct. 14, 1938.

Cox & Hayden, of Abilene, for appellant.

H. R. Bondies, of Sweetwater, for appellee.

FUNDERBURK, Justice.

In this suit, as its nature is disclosed by plaintiff's trial pleading (First Amended Original Petition), Ada Johnson, widow of Buck Johnson, deceased, sued Universal Life & Accident Insurance Company to set aside a release of her claim as beneficiary in an insurance policy upon the life of said Buck Johnson, in which she had been paid the sum of $11.90; and to recover the sum of $126, less said $11.90, due by the terms of said policy, together with penalty, attorney's fees, interest and costs.

The jury to whom the case was submitted on two special issues found by their verdict that (1) Stewart (agent for defendant) was not prompted by motives of good faith toward plaintiff in telling her that the defendant was not liable on the policy; (2) a reasonable attorney's fee

was $250. From the judgment in accordance with said verdict the defendant has appealed.

The first question presented for our decision is whether under the undisputed evidence plaintiff's cause of action was barred by limitation. The applicable facts are that the settlement agreement, in writing, was executed October 16, 1931. Plaintiff's Original Petition, filed June 14, 1932, made no mention of such agreement. Her First Amended Original Petition, which alleged the settlement agreement, that it was induced by fraud, and prayed that "said release be set aside", was filed January 1, 1937. Plaintiff testified that she had discovered the alleged fraud before suit was filed.

The written instrument evidencing the settlement agreement was referred to in the pleadings of both parties as "a release". It clearly implies a release of plaintiff's cause of action on the policy of insurance. Under the allegations of plaintiff's amended pleading she was not entitled to recover on the policy unless and until she established that the release was not binding upon her. The only cause of action alleged in plaintiff's Original Petition was upon the policy of insurance. More than four and a half years later in her First Amended Original Petition she alleged for the first time a cause of action to set aside the release of the cause of action declared upon in the original pleading. The effect of alleging the existence of the release was to show that all along she had no cause of action on the policy except upon condition that the release be set aside. Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025, and the other authorities hereinafter cited.

A release of a cause of action induced by fraud is not absolutely void but voidable. Unless and until canceled the release was effective to bar any recovery of the insurance. The suit must therefore be regarded as one primarily to set aside a settlement agreement releasing a cause of action on the policy of insurance. The rule is that limitation begins to run from the commission of the fraud, unless there be an estoppel tolling part of the time, in which case limitation runs from the time of the discovery of the fraud or the well known legal equivalent of such discovery, as we had occasion to discuss in Steele v. Glenn, Tex.Civ.App., 57 S.W.2d 908. The question of limitation here considered, and the conclusion we reach in regard to the same, is believed to be in accord with the rules and principles declared in Deaton v. Rush, supra, and other decisions as follows: Cleveland State Bank v. Gardner, Tex.Com.App., 286 S.W. 173; Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 31 Am.St. Rep. 39; Holt v. Love, Tex.Civ.App., 168 S.W. 1018; Lott v. Van Zandt et al., Tex. Civ.App., 107 S.W.2d 761; Neill v. Pure Oil Co., Tex.Civ.App., 101 S.W.2d 402, 404; McCook v. Amarada Pet. Corp., Tex.Civ. App., 93 S.W.2d 482; Owen v. Free et al., Tex.Civ.App., 85 S.W.2d 1090; Fuller v. Wright, Tex.Civ.App., 82 S.W.2d 179; Buchanan v. Davis, Tex.Civ.App., 43 S. W.2d 279; American Exchange Nat. Bank v. Keeley, Tex.Civ.App., 39 S.W.2d 929; Swindall v. Van School Dist., Tex.Civ. App., 37 S.W.2d 1094; Hensley v. Conway et al., Tex.Civ.App., 29 S.W.2d 416; Angelina County v. Bond, Tex.Civ.App., 16 S.W.2d 338; McCampbell v. Durst, 15 Tex.Civ.App. 522, 40 S.W. 315, 318.

The question of limitation is not wholly concluded, however, by the decision that plaintiff was under the necessity of procuring a cancellation of the release and that the cause of action for that purpose was not asserted in the suit until more than four years after discovery of the fraud. It still remains to consider whether, granting that the cause of action alleged in plaintiff's Original Petition was a different cause of action from the cause of action to cancel the release first asserted in the amended pleading, the filing of the suit did or did not toll the running of limitation as to the last mentioned cause of action, as the result of Vernon's Ann. Civil Statutes, Art. 5539b. The suit having been filed before the cause of action originally alleged was barred by limitation tolled the running of limitation as to the other cause of action first alleged in the amended pleading, unless the latter, was "wholly based upon and grows out of a new, distinct or different transaction and occurrence".

We see no escape from the conclusion, however, that the cause of action to cancel the release meets the test of said quoted exception to the rule. The transaction and/or occurrence upon which was based, and out of which grew, the cause of action originally asserted was certainly a different and quite distinct transaction and/or occurrence from that upon which was based or out of which grew the cause of

action for cancellation of the release. Farmers & Merchants Nat. Bank v. Arrington, Tex.Civ.App., 98 S.W.2d 378; Callihan v. Fort Worth Well Machinery & Supply Co., Tex.Civ.App., 88 S.W.2d 1057; National Debenture Corp. v. Adams, Tex.Civ.App., 115 S.W.2d 757; Ramirez v. First State Bank & Trust Co., Tex.Civ. App., 92 S.W.2d 523. That the two causes of action were based upon and grew out of different transactions seems to us, upon reflection, to be quite easily demonstrated. Before the release was executed, the transaction or occurrence out of which the only cause of action alleged in the original petition was based, or grew, was a completed transaction. There was then an existing cause of action upon the policy which could not have been the fact unless such transaction was completed. The execution of the release and all the facts incident thereto out of which grew the cause of action for cancellation of the release following in time the first named completed transaction was necessarily of different identity. It is, therefore, our conclusion that plaintiff's right of recovery was barred by limitation.

 It is further our conclusion that plaintiff's First Amended Original Petition was subject to the exception urged to it in that it failed to allege a return or offer to return the $11.90 received as consideration for the settlement agreement, or to allege facts, if any, to excuse such return or offer. According to the allegations of plaintiff's said pleading the provision in the policy of insurance by which only the amount of premiums paid amounting to $11.90 was to be paid to the beneficiary in the event death resulted from a kidney disease was void under provisions of R.S. 1925. Art. 4733, § 3. If void then the pleading showed that all or nothing was due on the policy. Equity required that plaintiff return or offer to return the $11.90 as a condition upon her right, if any, to have the release set aside for fraud, and to litigate the question of defendant's liability upon the policy. Casualty Reciprocal Exchange v. Bryan, Tex.Civ.App., 101 S.W.2d 895, and authorities therein cited.

One of the issues submitted to the jury was: "Do you find from a preponderance of the evidence that B. V. Stewart was prompted by motives of good faith toward Ada Johnson in telling her that the defendant was not liable on the policy in suit?" The question is presented whether this wrongly placed the burden of proof upon the defendant. The issue attempted to be submitted comprises in one all the issues in a cause of action to set aside a written instrument for fraud. We need not consider whether such was fundamentally an insufficient submission. Plaintiff had executed a release of her cause of action. Presumably the release was valid and she thereafter had no cause of action on the policy. The release was valid and binding unless it was established and adjudged that it was induced by fraud. Clearly the burden was upon the plaintiff to prove fraud by a preponderance of the evidence. Suppose on the issue of good faith or fraud the evidence had been equally divided—no preponderance one way or the other—under a proper submission that condition would have required a verdict for the defendant. But under the submission of the issue in the form given, the failure of the evidence to preponderate in favor of good faith required a verdict for the plaintiff and against the defendant. Thus it clearly appears that the burden of proof was misplaced, and the issue was subject to the objection urged.

We need not discuss other assignments of error, it being our opinion that the trial court should have instructed a verdict for the defendant on the issue of limitation and that the judgment should be reversed and judgment here rendered for the defendant. It is accordingly so ordered.