TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

W. H. McDOWELL, Appellee.

No. 6478.

Court of Civil Appeals of Texas.

Amarillo.

March 14, 1955.

Rehearing Denied April 11, 1955.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellant.

Merchant & Fitzjarrald, Amarillo, for appellee.

·PITTS, Chief Justice.

This is an appeal from a judgment rendered in a workman's compensation case. Appellee, W. H. McDowell, filed suit against appellant, Texas Employers' Insurance Association, a corporation, the insurance carrier, alleging general total and permanent incapacity by reason of injuries received by him on June 15, 1953, to his back, chest, shoulder, arm and hand, while he was engaged in the course of his employment by Cree Drilling Company in Roberts County, Texas. The case was tried to a jury upon special issues submitted, as a result of which judgment was rendered upon the verdict for appellee awarding him compensation at the rate of $18 per week for 300 weeks less $325 previously paid to appellee by appellant, from which judgment appellant perfected an appeal.

Appellant predicates its appeal upon one point charging error by reason of contradictory jury findings concerning the commencement date of appellee's alleged incapacity. Although appellee pleaded total and permanent incapacity, no issue was submitted inquiring about appellee's general total incapacity. The trial court submitted to the jury 33 separate issues, most of them having several subdivisions, inquiring about appellee's injuries, his general incapacity and specific injuries. Appellant charges that subdivisions (b) and (e) submitted in special issue No. 3 are contradictory and mutually destructive with respect to the commencement date of any partial incapacity of appellee. Special issue No. 3 was submitted to the jury in the following language, together with the jury's answers thereto shown and underscored:

"(a) Do you find from a preponderance of the evidence that the plaintiff's said injury, if any, to the right shoul-

der, has resulted in his becoming partially incapacitated for work?

"Answer 'yes' or 'no.' Answer: *Yes.*

"(b) Do you find from the preponderance of the evidence that such injury, if any, to the right shoulder, will result in the plaintiff's becoming partially incapacitated for work at some future date?

"Answer 'yes' or 'no.' Answer: *Yes.*

"If you have answered subdivisions (a) and (b) of this issue, or either of them 'yes,' then answer (c).

"(c) What do you find from the preponderance of the evidence to be the length of time of such partial incapacity, if any, resulting, if it did, from an injury, if any, to the right shoulder? Answer 'It is permanent' OR '*Permanent* weeks.' (Fill in the number of weeks, if any, found by you).

"(d) What do you find from a preponderance of the evidence to be the percentage of such partial incapacity, if any, resulting, if it did, from an injury, if any, to the right shoulder: Answer by stating the percentage, if any, found by you. Answer: *40%.*

"(e) From a preponderance of the evidence, what do you find to be the commencement date of such partial incapacity, if any? Answer by giving month, day and year. Answer: *June 15th, 1953.*"

A careful analysis of the said jury findings reveals that appellee was found by the jury to be 40% partially and permanently incapacitated for work commencing with the date of June 15, 1953, which resulted in his being partially incapacitated for work in the future. The last clause in the foregoing sentence, namely, "Which resulted in his being partially incapacitated for work in the future," is repetitious and adds nothing to the meaning of the entire sentence. However, in effect, such is the finding of the jury in subdivision (b),

the same being repetitious, adding nothing to or detracting nothing from the other findings and is therefore immaterial.

In its only point of error presented, appellant charges a conflict in "the commencement date of any incapacity." Only one commencement date is found by the jury and it is found to be June 15, 1953, in subdivision (e) of the said issue No. 3 previously quoted. Subdivision (b) does not inquire about any "commencement date of any incapacity." That issue inquires about the future result of appellee's injury, which result is clearly determined by answers given to the other subdivisions of special issue No. 3. The phrase, "commencement date," is nowhere found in the question propounded in subdivision (b) as it is in subdivision (e).

The record presented to us contains no statement of facts. However, appellant concedes "that an appellate court must not construe a verdict as being irreconcilably in conflict where there is any reasonable explanation of a seeming conflict." As a matter of law, a reasonable, rather than a technical, construction should be given to special issues such as are here presented and the answers to them as a whole, and conflicts or contradictions which may be apparent rather than real may be disregarded and judgment rendered on material issues which afford a sufficient basis for judgment without considering immaterial issues. Texas Indemnity Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026, and other authorities there cited. It is presumed that the jury did not intend to return conflicting answers, and a jury verdict should not be stricken on the ground of conflict if the answers returned may be reasonably reconciled. Royal Crown Bottling Co. v. Smith, Tex.Civ. App., 254 S.W.2d 225, and other authorities there cited. The courts will refuse to find a conflict under such circumstances as are here presented if there is any reasonable basis upon which the issues may be reconciled, and in determining the matter, the entire charge will be considered. Bryant

v. Banner Dairies, Inc., Tex.Civ.App., 255 S.W.2d 271, and other authorities there cited.

Presumably, the trial court considered the foregoing rules of law and other rules of law governing these matters as a whole and it had before it all of the evidence presented. If there was an apparent conflict, the trial court had the duty of reconciling such if it could be reasonably done in the light of facts, circumstances and pleadings presented. Gross v. Dallas Ry. & Terminal Co., Tex.Civ.App., 131 S. W.2d 113. Not all conflicts in answers returned by the jury to special issues submitted to it will prevent a judgment upon the verdict, but a conflict, in order to prevent rendering a judgment, must concern material or controlling issues, and, if the answers as a whole are without contradiction on material issues necessary to support a judgment for one of the parties, such judgment may be rendered. Millers' Indemnity Underwriters v. Schrieber, Tex. Civ.App., 240 S.W. 963; Brokaw v. Collett, Tex.Com.App., 1 S.W.2d 1090; Highway Ins. Underwriters v. Stephens, Tex. Civ.App., 208 S.W.2d 677.

Being guided by the record before us and the rules of law cited, a careful consideration of the jury findings here challenged reveals to us neither a real nor an apparent conflict and the trial court was justified in so concluding. Assuming, however, that there was a real or an apparent conflict, the matter inquired about in subdivision (b) of special issue No. 3 does not constitute a material or controlling issue. In any event, the trial court was justified, under the rules of law cited, in disregarding both the inquiry and the answer by the jury to subdivision (b) and could still render a valid judgment for appellee upon the jury answers to all the necessary material issues needed to support such a judgment.

Rule 434, T.R.C.P., provides in part and in effect that no trial court judgment should be reversed on appeal on the grounds that the trial court has committed an error of law in the course of the trial unless such error amounted to a denial of the rights of appellant, which reasonably appeared to cause the rendition of an improper judgment against appellant. In our opinion, appellant has not, in any event, shown that the trial court committed an error of law in the course of the trial such as caused, when reasonably considered, the rendition of an improper judgment against it.

For the reasons stated, appellant's point of error is overruled and the judgment of the trial court is affirmed.